OPINION
Defendant-appellant Joy Howell appeals her convictions and sentences in the Canton Municipal Court on one count of leaving the scene of an accident, in violation of R.C. 4549.02; one count of driving under FRA suspension, in violation of R.C. 4507.38; and one count of failure to maintain an assured clear distance, in violation of R.C. 4511.21. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
While stopped at a red light at the intersection of 12th Street Northwest and Cleveland Avenue, in Canton, Ohio, at 2:00 a.m. on August 24, 1997, Anna Barbera was hit from behind by another vehicle. In the rear view mirror of her car, Barbera saw the driver of the car that hit her. After a few seconds, the driver backed up, and then slowly drove past Barbera. As the car passed, Barbera smelled alcohol emanating from inside it.
Witnesses to the accident recovered a license plate from the scene. Barbera called the police, who ran the plates. The police ascertained the plates belonged to a car registered to appellant. The police went to Howell's residence and found the car there. The police knocked on the door, but no one answered. Appellant was asleep with her boyfriend at the opposite end of the house and apparently could not hear the knocking. The officers had appellant's car towed to the impound lot.
At approximately 3:37 a.m., appellant woke and found her car missing. Appellant called 911 and spoke to a dispatcher. The dispatcher told appellant her car had been towed because the police suspected it had been involved in a hit and run accident. Appellant made an appointment to meet with Officer Jerome Thompson, who is assigned to hit and run investigations. Thompson took appellant's statement and photograph. Barbera later identified appellant in a photo line-up as the person who had hit her car.
On September 9, 1997, appellant was arraigned in Canton Municipal Court. Appellant entered a plea of not guilty to all the charges. A jury trial was conducted on December 18, 1997. At trial, Barbera testified she smelled alcohol as the vehicle, which struck her car from behind, passed her. Defense counsel objected, arguing the probative value of this evidence was outweighed by its prejudicial effect. The trial court overruled the objection.
The State introduced evidence of an FRA suspension notice which had been sent to appellant in 1996. The document gave notice of a suspension running from August 16, 1996, to November 14, 1996. At the close of trial, defense counsel moved for acquittal pursuant to Crim.R. 29 on the grounds the State did not present evidence appellant had received notice of a current FRA suspension. The trial court overruled the motion.
After hearing the evidence and deliberations, the jury returned a verdict of guilty on the charges of leaving the scene of an accident and driving under an FRA suspension. The trial court entered a finding of guilty on the remaining count of failure to maintain an assured clear distance. These verdicts and the trial court's sentences were memorialized in a judgment entry dated December 22, 1997. It is from that judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY ALLOWING THE JURY, OVER OBJECTION, TO HEAR TESTIMONY WHICH SUGGESTED THAT DEFENDANT WAS INTOXICATED AS THE PREJUDICIAL EFFECT OF THIS EVIDENCE OUTWEIGHED ITS PROBATIVE VALUE.
 II. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR ACQUITTAL WHERE THERE WAS NO EVIDENCE THAT HOWELL EVER RECEIVED NOTICE OF THE FRA SUSPENSION IN QUESTION.
 I
In appellant's first assignment of error, she argues the trial court erred in admitting Barbera's testimony regarding the smell of alcohol emanating from the car which hit her because the prejudicial effect of this evidence outweighed its probative value. Appellant submits the testimony unfairly characterized her as a "drunk driver". Given the current image of "drunk drivers", appellant contends this characterization prejudicially effected her rights.
The admission or exclusion of relevant evidence rests within the sound discretion of the trial court and that court's ruling as to such matters will not be reversed absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
Evid.R. 403(A) states:
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Appellant argues Barbera's testimony concerning the smell of alcohol emanating from appellant's vehicle was not necessary to prove the State's case. Because appellant had two other motives for leaving the scene; i.e., the desire to avoid civil liability and/or to avoid apprehension for violation of the FRA suspension, and because the State did not need to establish motive to support the charge, appellant contends the prejudicial effect of the introduction of evidence concerning the smell of alcohol substantially outweighed its "slight probative value." (Appellant's Brief at 5.).
Because Barbera's testimony she smelled alcohol as appellant's car passed suggests one motive appellant had for leaving the accident, this testimony is relevant despite the existence of evidence of other possible motives. Mindful of our standard of review, although we may not have allowed such testimony, we find the trial court's admission of Barbera's testimony was not unreasonable, arbitrary, or unconscionable. The trial court did not an abuse its discretion in admitting this evidence.
Accordingly, appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, she maintains the trial court erred in not granting her motion for acquittal when the State failed to prove appellant had notice of a current FRA suspension.
The appellee concedes this issue (Appellee's Brief at 6.). Accordingly, we sustain appellant's second assignment of error.
The judgment of the Canton Municipal Court is affirmed in part and reversed in part.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the December 22, 1997 Judgment Entry of the Canton Municipal Court is affirmed in part and reversed in part. The case is remanded to the trial court for disposition of the FRA suspension charge in accordance with our opinion and the law. Costs assessed to appellee.