**TURNER, Appellee and Cross–Appellant,**

v.

**TURNER, Appellant and Cross–Appellee.**

[Cite as *Turner v. Turner* (1993), 90 Ohio App.3d 161.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1391.

Decided Sept. 2, 1993.

*Mowery & Youell* and *James S. Mowery, Jr.,* for appellee.

*Tyack & Blackmore Co., L.P.A.,* and *Thomas M. Tyack,* for appellant.

REILLY, Judge.

A judge of the Franklin County Court of Common Pleas, Division of Domestic Relations, found that the parties to the present appeal were entitled to a divorce and dissolved their marriage contract. The court's decision adopted the parties' shared-parenting plan which they had submitted to the court. The decision also divided the marital property and obligations of the parties pursuant to R.C. 3105.171 and awarded plaintiff-appellant, Karen L. Turner, $5,000 a month in spousal support to continue until her death, her remarriage, or her cohabitation with an unrelated adult male. The court maintained jurisdiction to modify the term and/or amount of the spousal support. The court ordered each party to be responsible for his or her attorney's fees.

Both parties have appealed this decision. Defendant-appellant, Robert C. Turner, asserts the following two assignments of error:

"I. The trial court abused its discretion in ordering the defendant to pay permanent spousal support in the sum of $5,000.00 per month.

"II. The trial court erred in dividing the marital assets and assessing a 'value' of $200,000.00 to defendant's professional corporation as a marital asset."

The parties were married in June 1971. At the time of the marriage, appellee was a schoolteacher and appellant had completed his first year of medical school. Appellee stopped working in June 1973 when she was pregnant with the first of their two children. Appellee has not had any significant work experience outside the home since 1973. Aside from being the primary caretaker of the two children, appellee also has osteoarthritis in a shoulder and knee. It is probable that in the future appellee will require complete joint replacements of her shoulder and knee. At the time of the trial court's decision, appellee was forty-three years old, and appellant was forty-two years old. Appellant is an orthopedic surgeon with a solo practice in Columbus. The parties separated permanently in the fall of 1987. Appellee initiated the divorce in March 1990.

In his first assignment of error, appellant asserts that the trial court abused its discretion when it ordered him to pay permanent spousal support of $5,000 a month to appellee. In support of this assertion, appellant argues that it is contrary to law to designate alimony as permanent. Appellant argues that pursuant to *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, the trial court abused its discretion when it granted permanent spousal support. In *Kunkle,* the Supreme Court held that sustenance alimony awards should provide for the termination of the award within a reasonable time when the payee spouse "has the resources, ability and potential to be self-supporting." As exceptions to this general rule, the court referred to "cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home." *Id.* at paragraph one of the syllabus.

Trial courts have broad discretion to make property, alimony, and sustenance alimony awards. *Buckles v. Buckles* (1988), 46 Ohio App.3d 102, 546 N.E.2d 950. An appellate court should not alter an award absent a finding that the trial court abused its discretion—a finding that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Nor may appellate courts substitute their judgment on factual or discretionary issues for that of the trial court. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. A reasonable amount of spousal support should be awarded when appropriate. R.C. 3105.18. In making such a determination, a court should consider all factors listed in R.C. 3105.18(C). *Buckles, supra,* paragraph three of the syllabus. "At the very least, equity requires that a party receive sufficient sustenance alimony to bring him or her to a reasonable standard of living, one in

reasonable relationship to the standard maintained during the marriage." *Buckles, supra,* paragraph five of the syllabus.

Appellant refers us to a decision from this court, *Picken v. Picken* (May 19, 1992), No. 91AP–1148, unreported, 1992 WL 113164. Several aspects of *Picken* are similar to the present case: the marriage had lasted eighteen years, the wife was in her low forties and certified to teach elementary school, although during the marriage she had been principally a homemaker and primary caretaker for the children. Referring to R.C. 3105.18, *Cherry,* and *Kunkle,* we found that it was an abuse of discretion for the trial court not to set a specific termination date for the spousal support award. A substantial factual difference distinguishes *Picken* from the present case. *Picken* does not mention any impairments of the wife that could affect her employability, whereas, in the present case, the trial court found that appellee's health seriously impedes her employment chances. Consequently, *Picken* does not prompt us to reverse the lower court's permanent spousal support award.

We find that another case from this court, *Schmidt v. Schmidt* (Oct. 8, 1991), No. 91AP–547, unreported, 1991 WL 325788, supports the permanent nature of the support award in the present case. The wife in *Schmidt* had a back problem which the court found significantly impaired her earning ability. Once again, this was a marriage of long duration, over twenty years. On appeal, we noted that no evidence indicated that the wife had the potential to be fully self-supporting at a standard of living anywhere near that which she had enjoyed during the marriage. Finally, in both *Schmidt* and the present case, the trial courts made their orders modifiable upon a change of circumstances.

█ Appellant also asserts that the amount of the permanent spousal award was an abuse of discretion.

R.C. 3105.18(C) identifies factors for a court to consider when determining whether to award spousal support and when determining the amount, duration, nature, and terms of payment. The trial court's findings pertinent to these factors include appellee's needs, appellee's physical impairment, appellee's contribution to appellant's medical education, the educational differences between the parties, the disparate earning abilities of the parties, and the tax consequences of a spousal support award. The court determined that appellant would pay appellee $5,000 per month as spousal support.

In support of his abuse of discretion claim, appellant raises various arguments. Appellant states that his monthly net take-home pay after taxes is a little over $8,200. Appellant asserts that his monthly financial obligations due to spousal support, child support, and certain debts allocated in the property division ($430) total $7,430, leaving him with less than $1,000 a month to take care of his other

expenses. In reaching this figure, appellant calculated $2,000 a month in child support. Appellant's present monthly child support obligation is actually $1,000, since the eldest child is emancipated. Thus, based on appellant's figures, he has $1,770 a month to put toward his other expenses. Appellant has not persuaded this court that the spousal support award amounts to an abuse of discretion because it only leaves him with $1,770 a month.

■   Appellant points out that the temporary arrangement between the parties, pursuant to which he paid appellee $4,600 a month, included child support. The fact that appellant paid less temporary support than the permanent support award does not necessarily establish that the permanent award amounts to an abuse of discretion. Additionally, the court's order affected the parties' financial situations in more ways than the amount of monthly support. Appellee is now responsible for her own health insurance at an estimated cost of $400 to $450 a month. Appellee became responsible for the mortgage on the lot in Delaware County, which she had not been responsible for previously. Tax consequences are another consideration. The trial court did not abuse its discretion when it awarded appellee more spousal support than she had received temporarily.

■   Appellant also argues that the $5,000 award was excessive in light of appellee's needs and her calculated earning ability as a teacher of $1,250 a month. This presumes that appellee would be able to find a teaching position, which, in light of the current job market for teachers in the Columbus area, is questionable. We find no abuse of discretion by the trial court in not including appellee's calculated earning ability when it totalled the spousal support award. Should appellee become employed, appellant may move for a modification due to change of circumstances.

■   The fact that appellant is an orthopedic surgeon with his primarily and solely owned corporation (he owns five hundred out of five hundred five shares) results in his finances being less straightforward than could be the case. As a case in point, appellant's Exhibit A provides a 1991 wage analysis for appellant. It states that through normal payroll, appellant received $160,269.32. Additionally, appellant received a year-end bonus of $58,000. However, he did not receive this $58,000 as a gross actual receipt. Instead, it went toward federal, state, city, and school district withholding taxes and to repay an "office" advance in the amount of $33,905. Appellant has averred that this debt that he owes to his corporation reduces the actual money per month that he has to work with. This court cannot find the total amount of the "office advance" that appellant's corporation has lent to him. He has not indicated whether this is a debt that must be repaid and, if so, over what time period and under what terms. There is

insufficient financial data before this court to support finding that the award was an abuse of discretion.

Appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant asserts that the trial court erroneously divided the marital assets and erroneously assessed a value of $200,000 to appellant's professional corporation and counted it as a marital asset. In support of his argument, appellant criticizes the testimony of appellee's expert who valued the professional corporation at approximately $245,000. While he criticizes the figure which appellee's expert reached, appellant did not provide an assessment by an expert of his own. In turn, the trial court used the figure of $200,000 for the corporation's value—$45,000 less than that of appellee's expert. Appellant also notes that a large portion of this value is attributable to his accounts receivable, which are his main source of income and hence the means by which he will pay child support and spousal support. Appellant contends that calculating the accounts receivable in the property division when it is also the means for him to pay the support awards was an abuse of discretion.

Appellant argues that *Stevens v. Stevens* (1986), 23 Ohio St.3d 115, 23 OBR 273, 492 N.E.2d 131, and *Josselson v. Josselson* (1988), 52 Ohio App.3d 60, 557 N.E.2d 835, support his stance. We do not find either case to be dispositive. In *Stevens*, the court held that a professional degree is not an asset. In the present case, the trial court did not treat appellant's professional degree as an asset—the court looked at the profession which appellant was in because of his professional degree. While the *Josselson* court ruled that the solo practice of a lawyer was not properly treated as a marital asset, its analysis is unpersuasive. Appellee has cited several cases to this court which treated professional practices as marital assets and we find this approach proper.

Additionally, unless appellant's employment circumstances substantially change, he will regenerate this marital asset and continue generating accounts receivable as long as he practices his profession.

■ A trial court has wide latitude in determining an equitable property division. *Cherry, supra.* As with support alimony awards, a reviewing court will not interfere with a property division absent an abuse of discretion. *Blakemore, supra.* There was no abuse of discretion in this property division.

Appellant's second assignment of error is overruled.

■ Appellee has raised a cross-appeal, assigning as error that the trial court erred in denying an award of reasonable attorney fees.

■ It is within the trial court's discretion whether it will award attorney fees. *Rand v. Rand* (1985), 18 Ohio St.3d 356, 18 OBR 415, 481 N.E.2d 609; *Cohen v. Cohen* (1983), 8 Ohio App.3d 109, 8 OBR 143, 456 N.E.2d 581.

In the present case, the trial court awarded cross-appellant an adequate spousal support award. We find no abuse of discretion in the court's denying cross-appellant's request for separate attorney fees.

Cross-appellant's assignment of error is overruled.

Appellant's two assignments of error and the cross-appellant's assignment of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and JOHN C. YOUNG, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, Judge, concurring.

Although I concur in the opinion and judgment, I write separately to emphasize that *Picken* should be limited to its specific facts and not applied as a rule of law. This court in *Picken* held that, under the peculiar facts of that case, the trial court should have limited spousal support to a specific time. Since *Picken* did not explain the specific factual basis for that conclusion, it has been contended that the same result must be reached with respect to every marriage of similar duration. However, under the *Kunkle* syllabus, a termination date for spousal support must be set only where the "payee spouse has the resources, ability, and potential to be self-supporting." In *Picken,* this court apparently found that to be the case. Here, however, there is evidence supporting a finding that appellee probably will never be fully self-supporting, although she may become *partially* self-supporting. The trial court did not abuse its discretion in reserving jurisdiction to determine the future need for spousal support by making an indefinite award.