Plaintiff-appellant, William D. Harrison, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections and adopting the magistrate's decision. Appellant asserts four assignments of error:
 1. THAT THE DECISION DATED APRIL 9, 1998, AND JUDGMENT ENTRY DATED APRIL 9, 1998, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS ARE CONTRARY TO LAW IN STATING THAT APPELLANT VOLUNTARY [SIC] CAUSED THE CHANGE IN CIRCUMSTANCES TO OCCUR.
 2. THAT THE DECISION DATED APRIL 9, 1998, AND JUDGMENT ENTRY DATED APRIL 9, 1998, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS ARE CONTRARY TO LAW IN STATING THAT APPELLANT WAS NOT ENTITLED TO CREDIT FOR SPOUSAL SUPPORT FOR THE MONTHLY LEASE PAYMENTS MADE FOR THE BENEFIT OF THE APPELLEE.
 3. THAT THE DECISION DATED APRIL 9, 1998, AND JUDGMENT ENTRY DATED APRIL 9, 1998, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS ARE CONTRARY TO LAW IN FINDING THE APPELLANT GUILTY OF CONTEMPT.
 4. THAT THE DECISION DATED APRIL 9, 1998, AND JUDGMENT ENTRY DATED APRIL 9, 1998, OF THE FRANKLIN COUNTY COURT OF COMMON PLEAS ARE CONTRARY TO LAW IN AWARDING APPELLEE ATTORNEY FEES.
The parties' marriage was terminated by an Agreed Judgment Entry Decree of Divorce, effective September 1, 1982. Under the terms of the decree, appellant was ordered to pay defendant-appellee, Ingeborg Harrison, $350 per month in permanent alimony (now spousal support). The trial court increased appellant's spousal support obligation to $600 per month in a decision filed October 9, 1986, which overruled appellant's objections and adopted the referee's recommendation.
Appellant filed a motion to terminate his spousal support obligation to appellee on January 17, 1996, alleging that there had been a substantial change of circumstances of the parties. Appellee filed a contempt motion against appellant on May 29, 1996, arguing that appellant had not paid his spousal support obligation since September 1, 1995, and requesting attorney fees. The trial court referred this matter to a magistrate, who held a hearing on these motions on September 10, 1997. At the hearing before the magistrate, appellee, with the approval of the court, updated her contempt motion through the date of the hearing.
The magistrate issued a decision, which was adopted by the trial court on September 22, 1997, holding that appellant voluntarily caused the change in his circumstances by entering into a contract knowing that his payments under the contract would terminate after a fixed period of time and overruling appellant's motion to terminate his spousal support obligation. The magistrate also found appellant in contempt for not paying his spousal support obligation as ordered. Although the magistrate found a spousal support arrearage of $14,400 as of September 1, 1997, the magistrate granted appellant a credit of $10,000 for the amount that appellee agreed to claim on her income tax return in exchange for the title to her car, which appellant had leased for her. The magistrate also awarded appellee $2,000 in attorney fees. Both parties filed timely objections to the magistrate's decision. The trial court issued a decision on April 9, 1998, overruling both parties' objections, but increasing the amount of credit appellant was to receive towards the spousal support arrearage to $10,500. Appellant filed a timely notice of appeal on May 8, 1998.
In his first assignment of error, appellant argues that the trial court erred by finding that he voluntarily caused the change in his circumstances, thereby precluding a termination of his spousal obligation. Appellant also argues that there was insufficient evidence to support the trial court's finding. We disagree.
A trial court has broad discretion in determining a spousal support award, and this discretion includes the decision whether or not to modify or to terminate a spousal support award. Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724. A trial court's spousal support determination should not be altered on appeal absent a finding of an abuse of discretion, which requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable. Id., citing Cherryv. Cherry (1981), 66 Ohio St.2d 348, 355; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Moreover, an appellate court should not substitute its judgment for that of the trial court on issues that are factual or discretionary in nature.Id., citing Turner v. Turner (1993), 90 Ohio App.3d 161,164. In reviewing a decision for sufficiency of the evidence, an appellate court must determine if the evidence presented is legally sufficient to support the trial court's judgment. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency is, in essence, a test of the adequacy of the evidence. Id.
Under R.C. 3105.18(E), a trial court cannot modify or terminate a spousal support award unless there has been a change in the circumstances of the parties. The statute provides that a change of circumstances includes "any increase or involuntary decrease in the party's wages." R.C. 3105.18(F). This court has previously held that a change of circumstances must also be substantial and not one contemplated by the parties at the time of the previous spousal support order.Criner v. Criner (Mar. 18, 1997), Franklin App. No. 96APF06-802, unreported (1997 Opinions 858); Leighner v.Leighner (1986), 33 Ohio App.3d 214, 215.
Here, the magistrate recognized that the termination of appellant's contract with Olympic Program Services, Inc., resulted in a substantial reduction in appellant's income. However, the magistrate found that appellant voluntarily caused the change in his circumstances by entering into the contract with full knowledge that the payments under the contract would terminate after a specified time. Thus, the magistrate concluded that, because the decrease in appellant's income was voluntary, there was no change of circumstances justifying a termination of appellant's spousal support obligation. Similarly, the trial court found that appellant knew when he entered into the contract that the payments would terminate at a set time. The trial court indicated that appellant could have planned for the expiration of his payments under the contract, which was his primary source of income. It also found that appellant waited until near the end of the contract to pursue other job opportunities. Additionally, the trial court noted that appellant purchased an extravagant engagement ring insured for $18,000 for his current wife, has maintained his membership at the Wedgewood Country Club, and has continuously made his Mercedes lease payments while having no appreciable income.
A review of the transcript fully supports the magistrate's and the trial court's findings. Appellant knew when he entered into the contract that the payments would terminate after eight years. The payments ceased when the contract expired by its own terms. Although appellant testified that he was able to set aside money for his business when he had a "very good" income, he failed to exhibit the same planning and foresight with regard to his spousal support obligation. Finally, as the trial court noted, appellant chose to file a motion to terminate his spousal support obligation, rather than a motion to modify his spousal support obligation, leaving the magistrate with only two options. Therefore, we hold that there is sufficient evidence supporting the trial court's finding that appellant voluntarily caused the change of circumstances. Without a non-voluntary change of circumstances, the trial court lacked jurisdiction to terminate appellant's spousal support obligation under R.C. 3105.18(E). Consequently, the trial court did not abuse its discretion by overruling appellant's motion to terminate his spousal support obligation. Appellant's first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court erred by not granting him a credit towards his spousal support arrearage for the monthly payments he made for appellee's leased BMW. We disagree.
Both the magistrate and the trial court found that appellant failed to prove by a preponderance of the evidence the existence of an agreement to credit appellant with the amount of the monthly lease payments he made for appellee's BMW. However, the magistrate gave appellant a credit of $10,000 based on the amount that appellee claimed on her income tax return for 1991 and the amount that appellant deducted from his income tax return for 1991. The trial court increased this amount to $10,500 based on the testimony and the evidence presented.
A review of the transcript and the exhibits fully supports the trial court's decision. Although appellant alleged the existence of an agreement, appellee denied any such agreement. Appellant acknowledged in his testimony that no document exists memorializing the alleged agreement between the parties. The only undisputed evidence of any agreement was the $10,500 amount, which the parties agreed to claim on their income tax returns for 1991. Therefore, the trial court did not err by not crediting appellant for any amount beyond the $10,500. Appellant's second assignment of error is overruled.
In appellant's third assignment of error, he argues that the trial court erred by finding him in contempt for not paying his spousal support obligation. Appellant indicates that he was not in arrears as of September 1, 1995, because he was entitled to a credit towards his spousal support obligation. We disagree.
An individual who fails to comply with a lawful court order may be punished for contempt of court. R.C. 2507.02(A). Under R.C. 2705.031(B), a party who is entitled to spousal support may initiate contempt proceedings against the obligor for failure to pay, and, under R.C. 2705.031(E), the trial court has jurisdiction to make a finding of contempt for non-payment of support and to impose the penalties provided in R.C.2705.05. A finding of civil contempt must be proven by clear and convincing evidence. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. An appellate court will not reverse a trial court's contempt finding absent an abuse of discretion.State v. Moody (1996), 116 Ohio App.3d 176, 181, citing Stateex rel. Delco Moraine Div., General Motors Corp. v. Indus.Comm. (1990), 48 Ohio St.3d 43, 44; State ex rel. Ventrone v.Birkel (1981), 65 Ohio St.2d 10, 11; State v. McDermott (1991),73 Ohio App.3d 689, 692. A finding of an abuse of discretion requires more than a mere error of law or judgment by the trial court; the trial court's attitude must be "unreasonable, arbitrary, or unconscionable." Id., citing State v. Adams
(1980), 62 Ohio St.2d 151, 157.
Here, the magistrate found that it is undisputed that appellant last made a spousal support payment to appellee in August 1995. Although the magistrate found that appellant was entitled to a credit against his arrearage, the magistrate found appellant in contempt, reduced the arrearage to a judgment, and ordered appellant to purge his contempt by liquidating the arrearage within sixty days. The trial court also found that appellant was entitled to a credit, but it found that appellant's arbitrary and unilateral choice of when to take the credit placed him in contempt. The trial court noted that spousal support is for the benefit of the recipient and that appellant cannot unilaterally stop making payments without authorization by the court. Thus, the trial court reduced the arrearage to a judgment and ordered appellant to purge his contempt by liquidating the arrearage within ninety days.
Again, the transcript fully supports the trial court's finding. Appellant knew he was under a court order to pay appellee $600 per month. He also knew that his payments under the contract with Olympic Program Services would expire. Appellant admitted in his testimony that he stopped making payments to appellee without any warning to her and without seeking approval of the trial court. In fact, appellant did not file his motion to terminate alimony until approximately four months later. Appellant testified that he paid his other obligations during this period. The fact that appellant was owed a credit does not excuse his disregard of the court's order; nor does the fact that he was seeking a termination of his spousal support obligation excuse non-payment. SeeBrockmeier v. Brockmeier (1993), 91 Ohio App.3d 689, 694
(affirming a contempt finding against a child support obligor who did not fully comply with the existing order while seeking a reduction in his child support obligation). Therefore, the trial court did not abuse its discretion by finding appellant in contempt. Appellant's third assignment of error is overruled.
In appellant's fourth assignment of error, he argues that the trial court erred by ordering appellant to pay appellee's attorney fees without finding that he has the ability to pay and without any evidence as to the amount and reasonableness of the award. We disagree.
Under R.C. 3105.18(G), which was relied upon in part by the magistrate and by appellee in her brief, a trial court must award reasonable attorney fees to a prevailing party on a contempt motion for non-payment of spousal support. However, R.C. 3105.18(G) is inapplicable here because the spousal support order at issue was issued and modified prior to December 1, 1986. The Ohio Supreme Court has held that a trial court has discretion to award reasonable attorney fees to a prevailing party in a civil contempt action even in the absence of an express statutory provision providing for attorney fees.State ex rel. Fraternal Order of Police v. Dayton (1977),49 Ohio St.2d 219, 229-230. Additionally, a trial court may award reasonable attorney fees in any action to modify spousal support or any proceeding to enforce a prior order or decree upon a finding that the other party has the ability to pay and that the party receiving the award will be prevented from fully litigating her rights and protecting her interests without the award. R.C. 3105.18(H). The magistrate relied, in part, on R.C.3105.18(H) in awarding appellee attorney fees. A trial court's award of attorney fees will not be reversed on appeal absent an abuse of discretion. Fraternal Order of Police, at 230;Schultz, at 725, citing Swanson v. Swanson (1976), 48 Ohio App.2d 85.
Here, the magistrate ordered appellant to pay appellee $2,000 in attorney fees within sixty days, under the authority of R.C.3105.18(G) and (H). The trial court agreed, finding that the fees were reasonable and necessary to protect appellee's interests and that appellant had the ability to pay. The trial court cited Ward v. Ward (June 18, 1985), Franklin App. No. 85AP-61, unreported (1985 Opinions 1752), Conley v. Conley
(Apr. 26, 1990), Franklin App. No. 89AP-826, unreported (1990 Opinions 1605), and Babka v. Babka (1992), 83 Ohio App.3d 428, for the proposition that a domestic relations court is able to evaluate the work performed by an attorney and the reasonableness of the fee by examining the record and applying its knowledge and experience, even in the absence of supporting documentation where the amount of work and time spent on the case is apparent.
Upon a review of the transcript, we cannot find that the trial court abused its discretion in awarding appellee attorney fees. Appellee testified that she incurred a total of $4,000 in attorney fees as of the hearing date and that she believed that this amount was reasonable and necessary to protect her interests. Her affidavit attached to her contempt motion indicates that she had already incurred $750 in attorney fees on the contempt motion as of May 29, 1996. Moreover, she was forced to defend against appellant's motion to terminate her spousal support award. The magistrate awarded her $2,000 in attorney fees, which is half of the fees she incurred prior to the hearing. The evidence indicates that appellee needs the award to litigate her rights and protect her interests, and that appellant has been able to maintain his standard of living despite having very little income from his business. Consequently, the trial court did not abuse its discretion in ordering appellant to pay $2,000 of appellee's attorney fees. Appellant's fourth assignment of error is overruled.
Based upon the foregoing reasons, appellant's four assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.