Defendant-appellant, William A. Albanese, appeals from a decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling appellant's objections and adopting the magistrate's decision.
The parties' marriage was terminated by an Agreed Judgment Entry — Decree of Divorce filed March 7, 1996. Under the terms of the decree, appellant was ordered to pay $555.40 per month, plus poundage (now processing charge), in child support and one dollar per year, plus poundage, in spousal support to plaintiff-appellee, Loraine Albanese (now known as Allison). The decree specifically retained jurisdiction for the court to modify the spousal support award.
The parties filed numerous post-decree motions, including a motion by appellee to modify child support and spousal support. The trial court referred all pending motions to a magistrate, except for the motions relating to the allocation of parental rights and responsibilities. The magistrate held hearings on these motions on June 23, June 27, and August 13, 1997. In the magistrate's decision, which included findings of fact and conclusions of law, the magistrate increased appellant's child support obligation to $779.75 per month, plus poundage. Additionally, in considering the spousal support issue, the magistrate found a change in circumstances based on appellant's reemployment and increased income from employment. Thus, the magistrate increased appellee's spousal support award to $500 per month, plus poundage, for a period of five years, terminable on the death of either party, or appellee's remarriage or cohabitation with an unrelated adult male. Appellant filed objections to the magistrate's decision, but the trial court overruled appellant's objections and adopted the magistrate's decision, finding that it was supported by the evidence. Appellant filed a timely notice of appeal.
On appeal, appellant asserts two assignments of error.
 I. THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION AS TO ITS CALCULATION OF THE OHIO CHILD SUPPORT GUIDELINES.
 II. THE LOWER COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION AS TO ITS MODIFICATION OF APPELLANT'S SPOUSAL SUPPORT OBLIGATION.
The parties were married on October 2, 1983. Two children were born as issue of the marriage: Katie Allison Albanese, born March 16, 1986, and Kelly Ann Albanese, born July 10, 1989. The parties' marriage was terminated by an Agreed Judgment Entry — Decree of Divorce on March 7, 1996. Appellant worked as an electrical engineer earning approximately $50,000 per year prior to the divorce; however, appellant became unemployed in February 1995, and did not resume employment until December 1996. At the time of trial, appellant was earning $31.50 an hour and working thirty-four hours a week. Appellee did not work after the children were born. She started working again a few months prior to the decree after being out of the work force for nine years. Appellee has two part-time jobs, and she works a total of twenty-five to thirty hours a week. Appellee earned over $11,000 in 1996, and she anticipated that her 1997 income would be between $10,000 and $12,000.
In appellant's first assignment of error, he argues that the trial court erred in calculating his child support obligation under the child support guidelines. Specifically, appellant argues that the trial court erred by not imputing income to appellee. We disagree.
Modification of an existing child support order is within the broad discretion of the trial court and may not be reversed on appeal absent an abuse of discretion. Woloch v. Foster (1994),98 Ohio App.3d 806, 810. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
Appellant does not contest the trial court's decision to modify his child support obligation or dispute the trial court's finding of a change of circumstances for child support purposes. Instead, appellant contends that the trial court "must" impute additional income to appellee under R.C.3113.215(A)(1)(b) and (5), as well as the holding of Rock v.Cabral (1993), 67 Ohio St.3d 108. Under R.C. 3113.215(A)(1)(b), income is defined as "the sum of the gross income of the parent, and any potential income of the parent" for a parent who is unemployed or underemployed. "Potential income" is defined in R.C. 3113.215(A)(5), which provides that:
 * * * [F]or a parent that the court * * * determines is voluntarily unemployed or voluntarily underemployed:
 (a) Imputed income that the court or agency determines the parent would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]
In Rock, the Supreme Court of Ohio indicated that a trial court must consider the "potential income" and the gross income "of a parent, the court determines to be voluntarily unemployed or underemployed." Rock, at 111. However, the Supreme Court of Ohio held that:
 * * * [W]hether a parent is voluntarily underemployed within the meaning of R.C. 3113.215(A)(5), and the amount of "potential income" to be imputed to a child support obligor, are matters to be determined by the trial court based upon the facts and circumstances of each case. The determination will not be disturbed on appeal absent an abuse of discretion. * * *
Id. at 112. Thus, the trial court employs a two-step process in imputing income to a party. First, the trial court must determine that a party is voluntarily unemployed or underemployed. Then, if the court finds that a party is voluntarily unemployed or underemployed, it imputes income to the party based on R.C. 3113.215(A)(5)(a) and the facts and circumstances of the particular case.
Here, neither the magistrate nor the trial court found that appellee was voluntarily underemployed and, upon a review of the record, we agree. Appellee testified that she was not working full-time because she wants to be home with the children while they are still young. She indicated that the parties agreed during the marriage that she would stay home with the children. Appellee earns between $11,000 and $12,000 per year in her two part-time jobs. Steven Rosenthal, a vocational expert whose qualifications were stipulated by the parties, testified that appellee is earning close to her salary range now given her present skills. At her present skill level, appellee could earn seven to eight dollars per hour, or $14,000 to $18,000 per year, according to Rosenthal. With additional training and skills, appellee could earn more money, such as $20,000 to $22,000 per year in a data entry or word processing position. Based upon this evidence, the magistrate found that, while appellee has the potential to earn more in full-time employment, part-time employment was appropriate for appellee while the children are still young.
Because appellee is earning close to her current salary range and because the parties agreed during the marriage that she would stay home with the children, the trial court did not abuse its discretion by not finding appellee to be voluntarily underemployed. Absent a finding that appellee is voluntarily underemployed, the trial court could not consider or impute any potential income to appellee. Consequently, the trial court did not err or abuse its discretion by not imputing income to appellee. Appellant's first assignment of error is overruled.
In appellant's second assignment of error, he argues that the trial court erred by modifying his spousal support obligation. We disagree.
A trial court has broad discretion in determining a spousal support award, and this discretion includes the decision whether or not to modify or to terminate a spousal support award. Schultz v. Schultz (1996), 110 Ohio App.3d 715, 724. A trial court's spousal support determination should not be altered on appeal absent a finding of an abuse of discretion, which requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable. Id. (citing Cherryv. Cherry [1981], 66 Ohio St.2d 348, 355; Blakemore, at 219). Moreover, an appellate court should not substitute its judgment for that of the trial court on issues that are factual or discretionary in nature. Id. (citing Turner v. Turner [1993],90 Ohio App.3d 161, 164).
In order to modify a spousal support award, the trial court must first determine whether it has jurisdiction to modify the award based upon a specific reservation of jurisdiction and a change in circumstances. R.C. 3105.18(E)(1) and (2);Schultz, at 724; Fallang v. Fallang (1996), 109 Ohio App.3d 543,548. Second, the trial court must determine the amount of spousal support that is appropriate and reasonable based on the factors of R.C. 3105.18(C)(1). R.C. 3105.18(C)(1); Schultz, at 724; Fallang, at 549. Finally, the trial court must determine the duration of the award based on the factors of Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, which provides that spousal support awards should have a termination date in most cases where both parties have the potential to become self-supporting. Kunkle, at 68; Vanke v. Vanke (1992), 80 Ohio App.3d 576,580-581.
Appellant asserts that the trial court erred by finding a change of circumstances, which is the prerequisite for a modification of spousal support under R.C. 3105.18(E). According to appellant, the trial court could not base a change of circumstances on his inheritance or an increase in his income. Under R.C. 3105.18(F), "a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." However, generally an increase in the obligor's income does not allow for an increase in a spousal support award. Gross v. Gross (1990), 64 Ohio App.3d 815,819. In Gross, this court delineated the general rule and the exception for an increase in spousal support based on an increase in the obligor's income:
 * * * [T]he general rule is that an increase in the obligor's income alone will not suffice as a change in circumstances sufficient to allow an increase in periodic alimony [now spousal support] payments. The exception to this rule is that an increase in income may justify an increase in alimony if the obligor's income was insufficient at the time of the original decree to support the recipient at the standard of living maintained during the marriage and the increase in income will now allow this level to be reached.
Id.; Leighner v. Leighner (1986), 33 Ohio App.3d 214, 216. Thus, a change of circumstances may be based on an increase in the obligor's income under the exception from Gross.
Contrary to appellant's assertion, the magistrate found a change of circumstances based solely on his increased income due to his re-employment and not on his inheritance. The exception from Gross clearly applies here because appellant was unemployed at the time of the decree and unable to provide support to appelle to allow her to maintain a standard of living comparable to that of the marriage. The magistrate noted that the original one dollar per year award of spousal support was based on the fact that appellant was unemployed at the time, and that a larger award of spousal support would have been appropriate if appellant were employed at his potential at the time of the decree. Appellant is now employed and earning an income comparable to his income during the marriage, while appellee's income has remained the same. Thus, the trial court did not err in finding a change of circumstances based on appellant's employment and increased income.
The magistrate then applied to factors of R.C. 3105.18(C)(1) to the evidence presented and concluded that appellant's spousal support obligation should be increased to $500 per month, plus poundage. The magistrate also considered theKunkle factors to determine the duration of the spousal support award. In Kunkle, the Supreme Court of Ohio held that:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
Kunkle, at paragraph one of the syllabus. Although appellant disputes the magistrate's finding that appellee was a homemaker-spouse with little opportunity to develop meaningful employment outside the home, this finding does not change the magistrate's conclusion that an award of permanent spousal support is not appropriate under Kunkle. Thus, the magistrate ordered that appellant's spousal support obligation would terminate after a period of five years.
Upon a review of the record, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision modifying appellant's spousal support obligation. According to Rosenthal, appellee needs additional training and to update her skills to become self-supporting. The increase in spousal support will allow her to obtain this training and to maintain a standard of living comparable to the marriage until she is able to be self-supporting. Consequently, appellant's second assignment of error is overruled.
Based upon the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
DESHLER and BOWMAN, JJ., concur.