[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
William Lester Clifton appeals from a decree of divorce entered upon the journal of the Hamilton County Common Pleas Court, Domestic Relations Division, on August 19, 1999. Mr. Clifton claims, in one assignment of error, that the trial court abused its discretion when it awarded spousal support to Marilyn S. Clifton in the amount of $600 per month for twelve months, where need was not demonstrated, and in not equitably distributing the marital assets. We disagree.
After six years of marriage, Mr. Clifton filed an action for divorce on March 8, 1998. After several stipulations as to the division of marital assets, a hearing was held regarding the disposition of the disputed assets. On December 4, 1998, the magistrate entered his decision, which included an order that Mr. Clifton pay to Ms. Clifton spousal support at the rate of $150 per month for one year, and which made other divisions of the marital assets.
Objections to the magistrate's decision were filed by both parties. The domestic relations judge remanded the matter to the magistrate so that the magistrate could further support his decision regarding spousal support and the division of the marital assets. The magistrate filed an amended decision on February 26, 1999, which raised the spousal support order to $200 per month for one year and made minor adjustments to the previous division of the marital assets.
Once again, the parties filed objections to the magistrate's decision. The domestic relations judge ruled on the various objections in a decision filed on May 24, 1999. The judge increased the spousal support award to $600 per month for one year and divided the marital property based upon the magistrate's decision and the evidence presented by the parties. The judge's rulings were subsequently incorporated into the decree of divorce.
The trial court has broad discretion in making spousal-support awards. See Turner v. Turner (1993), 90 Ohio App.3d 161,164, 628 N.E.2d 110, 111. Appellate courts should not substitute their judgment for that of the trial court on factual or discretionary issues. See id. When considering an award of spousal support, the trial court must consider all fourteen factors listed in R.C. 3105.18(C), and award only an amount that is appropriate and reasonable, not an amount based upon need. See R.C. 3105.18; Turner, supra. Absent a showing of an abuse of discretion, the award of spousal support will not be disturbed on appeal. See Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142.
The division of the marital assets must be equitable, but need not be equal. See Cherry v. Cherry (1981), 66 Ohio St.2d 348,355, 421 N.E.2d 1293, 1298. The trial court's division of marital property is a discretionary matter. See Bisker v.Bisker (1994), 69 Ohio St.3d 608, 609, 635 N.E.2d 308;King v. King (1992), 78 Ohio App.3d 599, 605 N.E.2d 970. There must be a showing that the trial court abused its discretion regarding the division of marital property in order for this court to reverse the trial court's decision. SeeBlakemore, supra.
Both the magistrate and the domestic relations judge reviewed the distribution of marital assets in great detail. The magistrate made numerous findings regarding marital property that were subsequently modified by the judge in the ruling on the objections filed by the parties. An abuse of discretion involves a determination by this court that the trial judge's findings of fact and conclusions of law were unreasonable, arbitrary, or unconscionable. See Cherry, supra;Blakemore, supra. Mr. Clifton has failed to demonstrate how the trial judge committed an abuse of discretion. After considering all of the factors in R.C. 3105.18(C), we hold that raising the magistrate's award of spousal support of $200 per month for one year by a factor of three was not unreasonable, arbitrary, or unconscionable. Since the record supports all of the findings regarding the equitable distribution of the marital assets, we are not persuaded that the property division was unreasonable, arbitrary, or unconscionable.
Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., GORMAN and WINKLER, JJ.