DECISION
The parties were married on January 8, 1972 and had three children. On November 24, 1998, the parties were divorced by an agreed entry. At that time, only one of the children was a minor and defendant-appellee, Deborah A. Eberts, now Reynolds, was designated the residential parent. Plaintiff-appellant, Paul B. Eberts, was ordered to pay child support of $950 per month and spousal support of $1,650 per month. The divorce decree specifically retained jurisdiction to modify the spousal support and provided, in part:
 The parties hereby acknowledge that the spousal support amount agreed to above has been based upon the existing incomes of the parties. The parties further acknowledge that on or about April 1, 1999 plaintiff's income will change by virtue of the termination of his severance benefits and salary which plaintiff currently receives from his former employer, Consumer Credit Counseling Service of Central Ohio, Inc. The parties agree that said change in plaintiff's income will likely result in a subsequent motion to modify spousal support and that neither party hereby relinquishes any argument that each may now have, or hereafter wish to advance, either in support of, or contrary to, such possible modification. The parties further agree that the establishment of the within spousal support order and the amount thereof shall not, in and of itself, bar plaintiff from seeking any modification of same as a result of plaintiff's anticipated April 1999 change in financial circumstances. Nor is defendant barred from arguing any issue related to whether or not plaintiff's change in financial circumstances is either voluntary or involuntary and all of defendants rights to so argue are hereby preserved.
Appellant had been employed by the Consumer Credit Counseling Service of Central Ohio ("CCCS") for approximately nineteen years. The child support guideline worksheet indicates his annual gross income as $111,000. During his employment at CCCS, the organization was required to become accredited. In his capacity as a member of a peer review board, appellant obtained an accreditation application of a similar organization and plagiarized it. The plagiarism was discovered and CCCS provided appellant with the choice of signing a voluntary resignation and severance agreement providing a year of severance benefits or being immediately terminated. Appellant signed the agreement and received severance benefits until April 1999.
On December 9, 1999, appellant filed motions to modify the spousal and child support orders. After a hearing, the magistrate determined that appellant's decrease in wages was a voluntary change in circumstances since it was the direct result of his intentional conduct and no change was warranted in either the child support or spousal support orders. The trial court adopted the magistrate's decision and subsequently overruled appellant's objections. Appellant filed a notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRED IN REFUSING TO MODIFY APPELLANT'S SPOUSAL SUPPORT AND/OR CHILD SUPPORT BECAUSE APPELLANT WAS FIRED FROM HIS EMPLOYMENT.
By the assignment of error, appellant contends that the trial court erred in refusing to modify his spousal and/or child support obligation. We will address each order separately.
A trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award. Schultz v.Schultz (1996), 110 Ohio App.3d 715, 724. An appellate court should not alter an award absent a finding of an abuse of discretion, which involves a finding that the trial court's determination was unreasonable, arbitrary or unconscionable. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. Appellate courts should not substitute their judgment for that of the trial courts' on factual or discretionary issues. Turner v. Turner
(1993), 90 Ohio App.3d 161, 164.
R.C. 3105.18(E) provides that the court does not have jurisdiction to modify the amount or terms of the spousal support unless the court reserved such jurisdiction and determines that the circumstances of either party have changed. R.C. 3105.18(F) provides that a change of circumstances "includes, but is not limited to, any increase orinvoluntary decrease in a party's wages, salary, bonuses, living expenses, or medical expenses." (Emphasis added.) In Birath v. Birath
(Dec. 21, 2000), Franklin App. No. 00AP-604, unreported, at 6, this court quoted McClure v. McClure (June 23, 2000), Lake App. No. 99-L-029, unreported, at 2, as follows:
 R.C. 3105.18(E) provides that an award of spousal support may be modified if the court determines that the circumstances of either party have changed. The change in circumstances must not have been contemplated at the time of the previous order. Leighner v. Leighner
(1986), 33 Ohio App.3d 214, 215 * * *.
The above-quoted portion of the divorce decree acknowledged that appellant's income would be decreased due to the loss of severance benefits in April 1999. The parties agreed in the provision that appellant would likely file a motion to modify spousal support, which he did. The parties also agreed in the provision that the spousal support order did not bar appellant from seeking modification nor did it bar any issue related to the voluntariness of the change in income and appellee's defenses. The trial court held a hearing on the motion to modify support and appellant testified:
 Q. And how are you getting by for money? What are you using for money?
 A. Well, I've cashed in my 401(k). I cashed or I spent the money, the little bit that I got out of the settlement of the house. Knowing the possibility of this coming, during all the severance pay, I was able to save some money * * *. [Tr. 14.]
Appellant's attorney also argued:
 * * * [T]he agreed judgment entry decree of divorce contemplates the fact that Mr. Eberts' income is, in fact, going to run out from the severance termination in April of 1999, so everybody knew that this was going to happen. I don't think everybody could have foreseen how disastrous it was for Mr. Eberts, but I think the parties did contemplate the fact that they knew he was terminated at the time of the divorce. They knew that the severance ran out in April of 1999, and now the issue is whether or not the equities of the situation justifies this Court in even hearing the request.
* * *
 * * * I guess I'm confused. The issue here is whether or not, I think not whether or not Mr. Eberts today is voluntarily unemployed, but whether or not his termination from Consumer Credit Counseling Services was voluntary. And obviously, it wasn't voluntary, but it was his own fault, and that's where we are at with this thing. [Tr. 25, 29.]
The trial court found that no change of circumstances existed justifying a change in the spousal support order because appellant's decrease in income constituted a voluntary change in circumstances since it was the direct result of his intentional conduct. Appellant admitted at the hearing that, if he had not plagiarized the application or if the plagiarism had not been discovered, he would probably still be employed by CCCS.
Although the trial court has to consider if a change in circumstances was contemplated at the time of the original order, given the facts of this case, the issue was moot. Inasmuch as the trial court correctly found that the decrease in income was the result of appellant's voluntary act, it does not matter whether or not the change was contemplated by the parties at the time of the divorce, given the definition in R.C. 3105.18(F). Thus, because the trial court did not abuse its discretion in finding that appellant's decrease in wages was the direct result of his intentional voluntary conduct and did not constitute a change of circumstances as defined in R.C. 3105.18(F), justifying a change in the spousal support order, the court's failure, in this instance to specifically find whether the change was contemplated, was harmless.
Appellant also argues that the trial court erred in refusing to modify his child support order. The trial court cited Williams v. Williams
(Sept. 24, 1992), Franklin App. No. 92AP-438, unreported, at 1, for the proposition that "[a] parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support" and found no change in the support order was warranted.
A trial court's modification of a prior child support order is within the broad discretion of the trial court and will not be disturbed absent an abuse of discretion. Woloch v. Foster (1994), 98 Ohio App.3d 806,810. The term "abuse of discretion" connotes more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
R.C. 3113.215(B)(4) provides in relevant part, as follows:
 If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet * * * and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet * * * shall be considered by the court as a change of circumstances that is substantial enough to require a modification of the amount of the child support order. * * * If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet * * * unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in division (B)(2)(c) of this section.
Modification of a prior child support order involves a two-step process. The court must first determine whether the movant has demonstrated a substantial change in circumstances. The substantial change in circumstances must not have been contemplated at the time of the original, or most recent order. R.C. 3113.215(B)(4); Baire v. Baire
(1995), 102 Ohio App.3d 50, 54. If such a change is demonstrated, the court must then make a modification appropriate to the factors set forth in R.C. 3109.05(A). Rossi v. Rossi (Sept. 15, 1998), Franklin App. No. 97APF12-1584, unreported.
As discussed above, the trial court held an evidentiary hearing at which appellant had the opportunity to present evidence as to whether the change in circumstances was contemplated at the time of the original decree. Appellant testified at the hearing that at the time of the divorce, he knew his severance benefits would cease in April 1999, and the issue really in dispute was whether or not the change was voluntary. However, the statute requires a finding that a substantial change of circumstances must not have been contemplated at the time of the divorce decree. Here, the change in appellant's income for the purpose of calculating child support was contemplated at the time of the divorce decree. Thus, appellant has not demonstrated a substantial change as required by R.C. 3113.215(B)(4), which justifies a change in the child support order. The court's failure to make a specific finding was harmless. Appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
BRYANT, P.J., and BROWN, J., concur.