OPINION
On August 12, 1999, appellee, the Board of Trustees of Nimishillen Township, hired appellant, Steven Clark, as a firefighter.
On December 9, 1999, appellee held a regular meeting. During this meeting, appellee went into executive session. Following this session, appellee voted to rescind appellant's application as a firefighter based upon false information on said application.
On December 30, 1999, appellee held another regular meeting and again entered into executive session. Thereafter, appellee rescinded the resolution rescinding appellant's application, accepted appellant's resignation, appointed Fire Chief Rich Peterson to investigate alleged misconduct by appellant and placed appellant on departmental suspension.
Another meeting was held on January 27, 2000. At said meeting, appellant requested that each Board member recuse themselves from the matter. Said request was denied. Following a hearing, appellee voted to removed appellant as a firefighter.
On February 8, 2000, appellant filed an appeal with the Court of Common Pleas. By judgment entry filed September 14, 2000, the trial court affirmed appellee's decision. A nunc pro tunc judgment entry affirming the decision was filed on November 30, 2000.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN FINDING THE PROCEDURAL PREREQUISITES FOR REMOVAL OF A FIREFIGHTER WERE COMPLIED WITH BY THE BOARD OF TRUSTEES.
II
 THE TRIAL COURT ERRED IN FINDING "THERE WAS NO INDICATION THE BOARD WAS IMPARTIAL.
III
 THE TRIAL COURT ERRED IN HOLDING THE COURT WAS LIMITED TO DECIDING WHETHER SUFFICIENT EVIDENCE EXISTED FOR REMOVAL.
I, II, III
These assignments of error challenge the trial court's affirmance of appellant's removal by appellee. Appellant argues the trial court erred in finding that despite procedural irregularities, there was sufficient evidence to support appellant's termination and to mitigate against any claim of bias. We disagree.
R.C. Chapter 2506 governs appeals from orders of administrative officers and agencies. R.C. 2506.04 pertains to finding and order of the court and states as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent cnot in conflict with those rules, Chapter 2505. of the Revised Code.
Our review of the trial court's decision is limited to an abuse of discretion standard. Kisil v. City of Sandusky (1984), 12 Ohio St.3d 30; Jenkins v. City of Gallipolis (1998), 128 Ohio App.3d 376 . In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
We note appellant made no request for additional evidence pursuant to R.C. 2506.03. Appellant does not challenge the sufficiency of the evidence or the procedures carried out during the January 27, 2000 hearing. Appellant attacks the procedures carried out during the December 9, 1999 meeting wherein appellees terminated appellant without affording him the mandated requirements under R.C. 733.35 through R.C. 733.39. Appellee concedes the December 9, 1999 removal was contrary to the statutory scheme under R.C. 505.38(A) which states in pertinent part as follows:
 * * *No person shall be appointed as a permanent full-time paid member, whose duties include firefighting, of the fire department of any township or fire district unless such person has received a certificate issued under former section 3303.07 or section 4765.55 of the Revised Code evidencing satisfactory completion of a firefighter training program. Such appointees shall continue in office until removed therefrom as provided by sections 733.35
to 733.39 of the Revised Code. To initiate removal proceedings, and for such purpose, the board shall designate the fire chief or a private citizen to investigate the conduct and prepare the necessary charges in conformity with sections 733.35 to 733.39
of the Revised Code.
The record of proceedings from the December 30, 1999 meeting contains the following resolutions:
 99-309: At this point, Russ Goffus stated, after a lengthy discussion he wanted to make a motion to rescind Res. #9-292 passed Dec. 9th, 1999 in which Steve Clark's application was rescinded. Art Lynch stated that he would second. Russ Goffus asked for discussion, there was none. He then called for a vote and the Clerk answered with a roll call vote: Russ Goffus — yes, Art Lynch — yes, Virginia Macdonald — yes.
 99-310: He then noted, also dated 12/9/99 Steve Clark submitted a resignation form from our township fire dept., he moved to accept that resignation at this time. Art Lynch seconded. Russ Goffus called for a vote. The Clerk called for a roll call vote: Russ Goffus — yes, Art Lynch — yes, Virginia Macdonald — yes. Russ Goffus signed and dated the resignation form and gave it to the Clerk.
 99-311: Russ Goffus then stated in the event that it is determined that Steve Clark is still an employee of Nimishillen Twp., noting as a board they do not recognize him to be at this time, and his resignation is determined to not have been effective, he asked the trustees to pass a resolution appointing Chief Peterson as investigator to conduct an investigation concerning allegations of misconduct by Steve Clark and authorize Chief Peterson to compile any charges and present said charges at a hearing to be held January 13, 2000 at 8:30 P.M. at the Nimishillen Township Hall. Art Lynch seconded the motion. Russ Goffus called for discussion, there was none. He then called for a vote. The Clerk responded with a roll call vote: Russ Goffus — yes, Art Lynch — yes, Virginia Macdonald — yes.
 99-312: Russ Goffus added, if it is determined that Steve Clark is a township employee of which this board does not recognize to be the case at this time, Mr. Goffus asked to pass a motion, at this time placing Steve Clark on Departmental Suspension until the hearing scheduled for Jan. 13, 2000 at 8:30P.M. at the Nimishillen Township Hall. Art Lynch seconded. Russ Goffus called for discussion, none followed. Mr. Goffus then called for a vote. The Clerk called the roll: Russ Goffus — yes, Art Lynch — yes, Virginia Macdonald — yes.
On January 27, 2000, a hearing envisioned by R.C. 733.35 and R.C. 733.36
was held. Appellant objected to the hearing claiming the trustees were biased given their previous decision on December 9, 1999, and declared the hearing a "communist show trial." January 27, 2000 T. at 4.
The gravamen of appellant's argument is that the December 9, 1999 executive session and vote so tainted the individual board members that they could not render an unbiased, impartial decision. Appellant claims rescission of the motion and subsequent investigation and due process hearing cannot cure the errors of the December 9, 1999 meeting. We disagree with this reasoning as did the trial court. Had not the evidence presented by the investigator (Chief Peterson) been so clear, that there was falsification of the application, then appellant might have a claim.
Chief Peterson explained that the physical examination of an applicant is a prerequisite to employment as a firefighter. Id. at 5-6. In appellant's application, he certified that all of his statements were true. Id. at 6. Appellant also signed a disclaimer stating any false statements would result in dismissal. Id. On August 31, 1999, appellant certified as true that he did not have any preexisting back trouble. Id. at 7. Chief Peterson presented certification dated November 24, 1999 from the Cleveland Clinic Foundation that appellant was under their care for lumbar hernia disk and has been unable to work since September 2, 1999. Id. Appellant admitted to Chief Peterson that he had injured his back and had a history of back problems stemming from a 1997 auto accident. Id. at 9. From this testimony, appellee determined appellant deliberately falsified his answer on the physical examination portion of the application and removed him as a firefighter.
Appellant was given an investigation, a hearing and due process on January 27, 2000. The evidence was uncontravened and therefore we find as did the trial court that there was no evidence or showing of lack of impartiality resulting in prejudice to appellant.
Upon review, we find the trial court did not err in affirming appellee's decision.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Gwin, P.J. and Wise, J. concur.
 __________ Farmer, J.