OPINION
{¶ 1} In 1999, plaintiff-appellant, Fields Excavating, Inc., and defendant-appellee, Western Water Company, entered into a contract regarding the construction of a water line. Fields appeals a decision of the Warren County Court of Common Pleas awarding Fields prejudgment interest, in its money damages action against Western Water, from October 2003, when property owners' claims against the parties were settled, rather than from April 2000, when Fields had substantially completed its work on the project.
 {¶ 2} The water line construction project involved several contracts with several contractors. The contract between Fields and Western Water involved the construction of two phases of the overall project, sections X1 and X2. Fields substantially completed its work on sections X1 and X2 by April 17, 2000. The two sections constructed by Fields could have been put into operation then, but for the fact that a third phase constructed by another contractor had not yet been completed. On July 10, 2000, Fields submitted its final partial payment estimate to Western Water's engineer. The amount due was $132,074.73. On July 28, 2000, the engineer rejected the payment estimate because of outstanding claims by five property owners dissatisfied with the way their properties had been restored to their original condition. The property owners' claims were eventually settled in October 2003.
 {¶ 3} In September 2000, Fields filed a complaint against Western Water for $132,074.73 in money damages and for prejudgment interest. Fields argued it was entitled to prejudgment interest from April 17, 2000, when its work on sections X1 and X2 was substantially completed, or at the latest from July 10, 2000, when it submitted its final payment estimate. Western Water agreed Fields was owed $132,074.73 but argued it was not entitled to prejudgment interest. Alternatively, Western Water argued that Fields was entitled to prejudgment interest only from October 2003, when the last of the property owners' claims was settled. Western Water based its argument on the parties' contract which allowed Western Water to withhold funds on account of claims filed.
 {¶ 4} By decision filed December 8, 2003, the magistrate found that Fields was entitled to prejudgment interest from October 2003. Relying on R.C. 1343.03(A) and the Ohio Supreme Court's decision in Royal Elec.Constr. Corp. v. Ohio State Univ., 73 Ohio St.3d 110, 1995-Ohio-131, the magistrate found that "by the clear terms of the [parties'] contract, including the Supplemental General Conditions, the balance of the money due to [Fields] was not `due and payable' until the last of the landowners' claims were settled i.e. October 2003." The trial court agreed with Fields that Royal governed prejudgment interest under any setting, but otherwise overruled Fields' objections to the magistrate's decision. By judgment entry filed April 9, 2004, the trial court entered judgment in favor of Fields with prejudgment interest "from October 3, 2003 to the date of this judgment entry[.]" Fields appeals, raising two assignments of error.
 {¶ 5} In its first assignment of error, Fields argues that the trial court erred by finding that prejudgment interest did not start to accrue on April 17, 2000, the date of Fields' substantial completion of its work. In its second assignment of error, Fields argues that the trial court erred by finding that a contractual provision precluded prejudgment interest from starting to accrue on April 17, 2000. At the heart of both arguments is Fields' contention that under Royal's unequivocal holding that an aggrieved contractor is entitled to prejudgment interest from the date of substantial completion of its work, the trial court was required to award Fields prejudgment interest from April 17, 2000.
 {¶ 6} The decision to award or deny prejudgment interest is within the discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Scioto Mem. Hosp. Assn., Inc. v. PriceWaterhouse, 74 Ohio St.3d 474, 479, 1996-Ohio-365. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} R.C. 1343.03(A), the statute governing prejudgment interest in this case, states in relevant part that "when money becomes due and payable upon any * * * instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 8} The issue in Royal was whether Royal, a contractor, was entitled to prejudgment interest since certain amounts owed to Royal were "unliquidated" and "not capable of ascertainment." The supreme court construed R.C. 1343.03(A) as containing no requirement that a claim be liquidated, unliquidated, or capable of ascertainment prior to judgment in order for prejudgment to be awarded. Royal, 73 Ohio St.3d at 117. "Rather, in determining whether to award prejudgment interest pursuant to * * * R.C. 1343.03(A), a court need only ask one question: Has the aggrieved party been fully compensated?" Id. at 116. (Emphasis added.) The supreme court stated that "in computing the amount of interest owed, the [trial] court is required to look to R.C. 1343.03(A) to determine when interest commences to run, i.e., when the claim becomes `due and payable,' and to determine what legal rate of interest should be applied." Id. at 115. (Emphasis sic.) The supreme court upheld the trial court's determination that "the damages sustained by Royal as a result of the delays and other problems associated with the projects accrued (became `due and payable') at the time that Royal had substantially completed each of the projects." Id. at 117.
 {¶ 9} We do not agree with Fields that Royal stands for the proposition that an aggrieved contractor is automatically entitled to prejudgment interest under R.C. 1343.03(A) from the time it has substantially completed its work on a project. The main issue in Royal
was what test to apply in determining whether to award prejudgment interest. While the supreme court awarded Royal prejudgment interest from the time it had substantially completed its work, it was not clear whether there were contractual provisions in that case governing the accrual of Royal's claim, that is, when its claim became due and payable under R.C. 1343.03(A). As a result, and in light of R.C. 1343.03(A) which clearly allows parties to contractually agree to an interest rate other than the 10% interest rate set forth in R.C. 1343.03(A), we find that a parties' contract can certainly govern when a contract amount becomes due and payable.
 {¶ 10} In the case at bar, the magistrate found that Fields' work was substantially completed on April 17, 2000. The magistrate noted that under section 19.1 of the basic contract, payment was due upon "substantial completion" of the work, that is, on "that date certified by the engineer when the construction of the project or a specified part thereof is sufficiently completed in accordance with the contract documents, so that the project or specified part can be utilized for the purposes for which it is intended." (section 1.22 of the basic contract). As a result, "[i]f there were no other relevant contract provisions[,] it would seem clear that the amount due to [Fields] was `due and payable' on April 17, 2000.
 {¶ 11} "However, Chapter 19 of the basic contract makes it clear that [Fields] is not entitled to payment until [it] has at least provided the engineer with an application for payment. This was not done until July 10, 2000. Therefore, the `due and payable' date would have to be pushed back to at least that date.
 {¶ 12} "Even more critical however, are the provisions of the Supplemental General Conditions of the contract. Section 3.2 of the Supplemental General Conditions provides that [Western Water] may withhold payment on account of `claims filed.' It is undisputed here that at the time the engineer rejected [Fields'] application for payment, there were pending claims filed by various disgruntled landowners. The last of these claims was not resolved until October 2003. We must conclude therefore that, by the clear terms of the contract, including the Supplemental General Conditions, the balance of the money due to [Fields] was not `due and payable' until the last of the landowners' claims were settled i.e. October 2003."
 {¶ 13} Upon reviewing the record and the parties' contract, we find that the trial court did not err by finding that Fields' claim did not become due and payable under R.C. 1343.03(A) until October 2003. The parties' contract clearly allowed Western Water to withhold "whole or part" of the payment owed to Fields "as may be necessary to protect [Western Water] from loss on account of * * * Claims filed." The record indicates that when Fields submitted its payment estimate to the engineer in July 2000 for $132,074.73, there were five pending claims from disgruntled property owners. While two of the claims had unspecified amounts, the other three amounted to $127,128. The last of the property owners' claims did not settle until October 2003.
 {¶ 14} We therefore find that the trial court did not abuse its discretion by awarding prejudgment interest to Fields from October 3, 2003 rather than from April 17, 2000. Fields' first and second assignments of error are overruled.
Judgment affirmed.
Powell and Valen, JJ., concur.