OPINION *Page 2 
{¶ 1} Appellant Deborah Hout appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, which found her in contempt for denying her ex-husband, appellee Jeffrey R. Hout's visitation with their minor son. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING APPELLANT IN CONTEMPT.
 {¶ 3} "II. THE TRIAL COURT ERRED IN FINDING DEBORAH IN CONTEMPT FOR HAVING VIOLATED JEFF'S PARENTING TIME ON MAY 11, 17, 25, AND 31, 2007.
 {¶ 4} "THE TRIAL COURT ERRED IN IMPOSING $350.00 IN ATTORNEY'S FEES AGAINST DEBORAH HOUT."
 {¶ 5} The record indicates at the time of the incident the child was seven years old. Appellant and appellee are divorced. Appellant is the residential parent and appellee has court-ordered parenting time.
 {¶ 6} The court found appellant denied appellee his parenting time on May 3, 11, 17, 25, and 31 of 2007. The court sentenced appellant to ten days in jail, suspended, and gave her the opportunity to purge herself of contempt by permitting appellee to make up the time. The court also ordered appellant to pay appellee's attorney fees of $350.00.
 I. {¶ 7} In her first assignment of error, appellant argues the court abused its discretion in finding she was in contempt. *Page 3 
 {¶ 8} Appellant correctly states there is a distinction to be drawn between criminal contempt and civil contempt. Criminal contempt generally results in incarceration with no opportunity for the contemptnor to purge himself or herself of the contempt, see, e.g.,Brown v. Executive 200, Inc. (1980), 64 Ohio St. 2d 250,416 N.E. 2d 610. Civil contempt is intended to be remedial or coercive in nature, and any sanction imposed by the court for civil contempt must provide the contemptnor with the opportunity to purge, Id.
 {¶ 9} Our standard of reviewing a court's judgment in a contempt proceeding is the abuse of discretion standard, see, e.g., State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St. 3d 69, 573 N.E. 2d 62. The Supreme Court has repeatedly held an abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable,Blakemore v. Blakemore (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140. InBoley v. Boley (September 19, 1994), Holmes App. No. CA498, supra we stated "[t]his Court will not substitute our judgment for that of the trial court and will not impose punishment for the violation of a court order when the court that made the original order finds a legitimate excuse."
 {¶ 10} The magistrate who heard the matter made extensive findings of fact. The magistrate found appellee did not seek medical treatment for the child after another child accidentally struck him in the eye with a baseball bat. Appellee and the grandmother applied ice to the injury and determined the child's eye function was normal. Appellee's wife called her pediatrician and asked the nurse at the office what should be done. The nurse inquired about the child's symptoms and the nurse apparently told her the child did not need to be seen by a physician. *Page 4 
 {¶ 11} Appellant argues she was justified in violating the court's visitation order because she had a good-faith belief she was acting to protect the safety of the child. In Boley, supra, this court affirmed the decision of a trial court not to find a parent in contempt where the parent had a good-faith belief the children's safety was at risk if they returned to their mother.
 {¶ 12} The court found appellee had reason to believe the child's injury was not an emergency based upon his own observations and the telephone advice he had received. The court found in hindsight it would have been more reasonable for appellee to seek medical attention for the child.
 {¶ 13} Appellee did not notify appellant of the injury, but the child did. Approximately one week after the injury, appellant took him for medical treatment. Appellant also notified Richland County Children's Services, which determined appellee's inaction did not constitute dependency, neglect, or abuse. The Richland County Prosecutor did not prosecute appellee for child endangering. The court found insufficient evidence of any serious permanent injury to the child or any evidence linking appellee's failure to seek medical attention to any currently existing problem.
 {¶ 14} Appellee was aware appellant had told her friends and family she wanted appellee out of the child's life. The court found appellee knew appellant would be upset when she discovered the injury, so he made an incorrect judgment call in an attempt to protect his relationship with his son. The court found appellant had unwittingly contributed to appellee's failure to notify her of the injury, and also caused her son to understate his injury to her. *Page 5 
 {¶ 15} The court concluded appellant's denial of parenting time was not reasonably justified under the facts and circumstances of the case. We have reviewed the record, and we find the trial court did not abuse its discretion in finding appellant in contempt of the visitation order.
 {¶ 16} The first assignment of error is overruled.
 II. {¶ 17} In her second assignment of error, appellant argues the trial court erred in finding appellant in contempt for violating appellee's parenting time on May 11, 17, 25, and 31, when his motion to show cause, filed May 16, alleged a violation only on May 3.
 {¶ 18} At the hearing on June 11, 2007, appellant did not object to evidence she denied appellant parenting time on May 11, 17, 25, and 31. To the contrary, appellant admitted denying appellee visitation on those days. We conclude the trial court did not err in finding her in contempt on each of those occasions.
 {¶ 19} The second assignment of error is overruled.
 III. {¶ 20} In her third assignment of error, appellant challenges the court's order to pay $350 in attorney fees to appellee.
 {¶ 21} Appellant concedes in Rand v. Rand (1985), 18 Ohio St. 3d 356,481 N.E. 2d 609, the Ohio Supreme Court found an award of attorney fees lies within the sound discretion of the trial court. Further, she concedes R.C. 3109.051 requires a court to impose the adverse party's' attorney fees against a person held in contempt for failing to comply with or interfering with an order granting parenting rights. *Page 6 
 {¶ 22} The trial court's Local Rule 32A.1 provides because the award of attorney fees is mandatory in certain situations, counsel need not make a written motion requesting payment of attorney fees. The Rule states the court considers attorney fees not in excess of $350 to be reasonable in contempt actions, and the court generally will not require evidence to support an award of attorney fees not in excess of $350. However, the court may require evidence if it deems necessary.
 {¶ 23} The transcript of the hearing comprises of 190 pages, and appellee testified simply subpoenaing people and preparing for the hearing took between two and three hours. We find the record supports the trial court's award of $350.
 {¶ 24} Accordingly, the third assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.
 Gwin, J., Hoffman, P.J., and Wise, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed. Costs to appellant. *Page 1