[Cite as *Woodie v. Patterson*, 2014-Ohio-3017.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | **JUDGES:** |
| C. JAMES WOODIE | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee/Cross-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2013CA0022 |
| DEANNA L. PATTERSON FKA WOODIE | : | |
| | : | |
| | : | OPINION |
| Defendant-Appellant/Cross-Appellee | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Coshocton County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No. 2011DV0287

JUDGMENT:                    Affirmed in part; Reversed and Remanded
                             in part

DATE OF JUDGMENT ENTRY:      July 7, 2014

APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

ROBERT SKELTON                    JACQUELINE L. KEMP
309 Main Street                   88 West Mound Street
Coshocton, OH  43812              Columbus, OH  43215

*Gwin, J.*

{¶1} Appellant and Cross-Appellant appeal from the September 4, 2013 judgment entry of the Coshocton County Court of Common Pleas, Domestic Relations Division, granting in part and denying in part the parties' motions for contempt.

{¶2} Appellee/Cross-Appellant C. James Woodie ("James") filed a complaint for divorce against Appellant/Cross-Appellee Deanna L. Patterson fka Woodie ("Deanna") on May 4, 2011. An Agreed Judgment Entry and Decree of Divorce was filed on July 25, 2012.

{¶3} On January 22, 2013, James filed a contempt motion against Deanna. James alleged that Deanna failed to pay her portion of expenses for properties in Florida and Coshocton, Ohio, after a property management company the parties mutually selected declined to be involved in collecting and distributing funds. On March 1, 2013, Deanna filed a contempt motion against James. In her motion, Deanna alleged that James was in contempt for: being present at the personal property exchange and taking items not designated for him in the personal property division, failing to pay her the full amount of her paycheck through August 31, 2012, failing to cooperate with Deanna regarding the payment of bills, failing to provide Deanna with excess "Kno-Ho-Co" sums after the sale of the Florida property, and failing to remove her name from American Express, Chase/Comdata, and AT&T corporate accounts.

{¶4} The trial court held an evidentiary hearing on the parties' motion for contempt on May 31, 2013 and July 19, 2013. James admitted he was on the property during the personal property exchange when he knew the divorce decree stated he was not supposed to be there during the exchange. James testified he took a boat ("Jon

boat") off the truck because it was his understanding it was staying with the property. James confirmed that, on the personal property distribution form attached to the agreed judgment entry, the Jon Boat was checked in columns for both him and Deanna. James stated the AT&T account and the Chase/Comdata accounts are not in Deanna's name and the Chase/Comdata account is a dormant account with an expired card. Deanna's name is still on the American Express account, but James testified he attempted to refinance the debt in his name and was not able to complete the refinance because, after paying Deanna in the divorce settlement, he did not have enough funds to refinance the debt. James cancelled the card; however, there is a balance on the card that he pays each month on time. James intends to pay off the debt in full but does not currently have the full amount to pay it off. James stated he has done everything possible to get Deanna's name off of all business debt of Coshocton Trucking. James testified he did not take any personal property items from the Florida property or the other items of personal. He stated he shipped most of the items to her after the housekeeper packed them up and that he provided her with more items at the deposition. James testified that he did not provide Deanna with "Kno-Ho-Co" profits because there were no excess funds or profit.

{¶5} Deanna testified that her name is still on the American Express account, but admitted her name was not on the AT&T or Comdata/Chase account and she was simply getting e-mails with regard to these accounts. The American Express account is a Coshocton Trucking business account with her name on it and, as far as Deanna knows, there have not been any late or missed payments. Deanna stated she was only paid until August 29, 2012 and not August 31, 2012 like the decree requires and

requested an additional $1,153.84 for two days of work. Deanna's yearly salary was approximately $150,000 and she confirmed she was paid $100,961.35 for working in 2012. Deanna testified she was paid on a weekly basis and was paid $2,884.81 for the last week in August. When counsel for James asked Deanna to compute her salary on a weekly basis, Deanna stated for eight months of salary in 2012, she should receive $100,961.35. If Deanna computed her salary on a daily basis for the eight months in 2012, her salary would be $100,273.78. When counsel for James asked Deanna to compute her yearly salary using the amount she wanted for the two days of work in August (August 30 and August 31), she computed her annual salary would amount to $210,575.80.

{¶6} Deanna testified there were numerous items of personal property that she was entitled to have and she did not get them, although she did sign for the personal property brought to her by Della Biller. Deanna testified the Jon boat was a gift from James to her many years ago. Further, that James told her the boat was hers, so she does not know why there were checkmarks beside both of their names on the personal property division form in the agreed judgment entry and decree of divorce. Though she admitted there were checkmarks in both columns, Deanna assumed the boat was hers. Deanna testified she went to the Florida property two days after the agreed judgment entry and divorce decree were entered, but that James had removed personal property items from that property. However, Deanna could point to no evidence that James removed the items she alleged he took.

{¶7} Della Biller ("Biller"), a cleaner at Coshocton Trucking and housekeeper, testified that she packed up the personal property items except furniture in the

Coshocton house because James instructed her to do so and she had Deanna sign a form stating she received the items when Biller delivered the items.

{¶8} The trial court issued a judgment entry on September 4, 2013. The trial court denied James' January 22, 2013 motion for contempt with regard to the expenses of the parties' real estate holdings. The trial court granted in part and denied in part Deanna's motion for contempt. The trial court found James in contempt for being present at the personal property exchange and in contempt for forcibly taking possession of the Jon Boat during the personal property exchange. The remainder of Deanna's motion was denied. The trial court stated James could purge his contempt by paying $250.00 to the Clerk of Courts, paying $11,721.26 in attorney fees, and paying Deanna $959.00 for the Jon Boat. On September 11, 2013, James filed a Civil Rule 60(B) motion and request for findings of fact and conclusions of law with regards to the Jon Boat. The trial court did not rule on these motions. On October 3, 2013, James filed a notice of partial compliance and tendered a check for $250.00 to the Clerk of Courts for the contempt fine and a check for $5,869.00 for attorney fees towards a finding of contempt as it related to James going on to the property during exchange of personal property.

{¶9} Appellant/Cross-Appellee Deanna appeals the September 4, 2013 judgment entry and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT PLAINTIFF/APPELLEE WAS NOT IN CONTEMPT AS IT PERTAINS TO PERSONAL PROPERTY AND THE INTERPRETATION OF THE LANGUAGE CONTAINED IN THE DECREE OF DIVORCE, WHICH REFERENCES PROPERTY THAT WAS IN

EXISTENCE AT THE TIME OF THE DECREE (JUDGMENT ENTRY DATED SEPTEMBER 4, 2013).

{¶11} "II. THE TRIAL COURT ERRED BY FAILING TO FIND PLAINTIFF/APPELLEE IN CONTEMPT FOR NOT PROPERLY PAYING DEFENDANT/APPELLANT HER REGULAR WAGES AS REQUIRED UNDER THE TERMS OF THE DIVORCE DECREE THROUGH AUGUST 31, 2012 (JUDGMENT ENTRY DATED SEPTEMBER 4, 2013).

{¶12} "III. THE TRIAL COURT ERRED BY FAILING TO ENFORCE THE PROVISION THAT PROVIDED FOR THE PROPER TREATMENT OF "KNO-HO-CO" FUNDS (JUDGMENT ENTRY DATED SEPTEMBER 4, 2013).

{¶13} "IV. THE TRIAL COURT ERRED BY FAILING TO FIND PLAINTIFF/APPELLEE IN CONTEMPT FOR CONTINUING TO UTILIZE THE CREDIT LINE AND ACCOUNT OF DEFENDANT/APPELLANT DESPITE BEING REQUIRED TO HOLD DEFENDANT/APPELLANT HARMLESS AND REFINANCE OR PAY OFF THE AMERICAN EXPRESS ACCOUNT WHICH IS AN ACCOUNT UTILIZED BY COSHOCTON TRUCKING AND SECURED BY DEFENDANT/APPELLANT (JUDGMENT ENTRY DATED SEPTEMBER 4, 2013)."

{¶14} Appellee/Cross-Appellant James also filed an appeal of the September 4, 2013 judgment entry and assigns the following as error:

{¶15} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THE PLAINTIFF/APPELLEE IN CONTEMPT FOR TAKING POSSESSION OF A SMALL FISHING BOAT COMMONLY REFERRED TO AS A "JON BOAT" DURING THE PERSONAL PROPERTY EXCHANGE.

{¶16} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE PLAINTIFF/APPELLEE TO PAY THE SUM OF $5,869.63 IN ATTORNEY FEES FOR THE CONTEMPT FOR THE REMOVAL OF THE JON BOAT AND ORDERING THE PLAINTIFF/APPELLEE TO PAY TO THE DEFENDANT/APPELLANT THE SUM OF $959.00 FOR THE JON BOAT."

*Civil Contempt*

{¶17} The standard of proof in a civil contempt proceeding is by clear and convincing evidence. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). The determination of "clear and convincing evidence" is within the discretion of the trier of fact. *Id.* We will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶18} In addition, our standard of reviewing a court's judgment in a contempt proceeding is the abuse of discretion standard. *Hout v. Hout*, 5th Dist. No. 2007-CA-111, 2008-Ohio-2684, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶19} Further, the Ohio Supreme Court explained that, "[A] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of error in law is a legitimate ground for reversal, but a difference of opinion on credibility

of witnesses and evidence is not." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984). The underlying rationale for this deference to the trial court is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* We are not fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson*, Muskingum App. No. CT2003-0049, 2004-Ohio-4714.

I.

{¶20} Deanna first argues the trial court erred in finding James was not in contempt for the failure to provide all items of personal property to Deanna as listed in the agreed judgment entry and decree of divorce. The trial court found that the testimony on the issue of personal property was confusing, that Deanna appeared evasive and less than honest during her testimony, and that the personal property was either shipped to Deanna, left by her at the residence, was no longer in existence, or replaced with other items.

{¶21} In the agreed judgment entry, the parties attached a list of various items with checkmarks beside the name of the party who was to retain or receive the listed item. Deanna argues she did not receive certain items on the list. Deanna testified that Biller, a housekeeper for the parties when they were married and for James after the divorce, brought Deanna multiple boxes from the Coshocton home and she signed a receipt stating she received the items, including some items Deanna now contends she

never received (Plaintiff's Exhibit 6). Deanna stated she signed that she received the items before she inventoried the contents of the boxes so, despite her signature that she received certain items, she did not receive them. Biller testified she packed up the items in the Coshocton home, except furniture, as instructed by James and delivered them to Deanna. Biller also stated there were multiple items of personal property missing prior to the divorce being filed. With regards to items at the Florida property, Deanna testified she went to the Florida property two days after the divorce decree was entered, prior to the agreed-upon dates listed in the decree, and that items were missing from the home. When asked what evidence she had that James took the items she stated that she had "no evidence of that."

{¶22} James testified the items Deanna argues she did not receive were sent to her and signed for by her after Biller packed them up at the Coshocton home or given to Deanna at the deposition. James stated that, other than these items already provided to Deanna, he does not know where or what the items are. James testified he did not take the items and does not have the items, as he had no desire to fight over the "small stuff."

{¶23} As the trial court was in the best position to judge the credibility of the parties and to determine whether James violated a court order, we cannot find that the court abused its discretion in denying Deanna's motion with regards to the personal property. Upon review of the record, we find there was relevant, competent, and credible evidence upon which the trial court could base his or her judgment. The trial court weighed the parties' credibility on that issue and did not abuse its discretion when it declined to find James in contempt. Deanna's first assignment of error is overruled.

II.

**{¶24}** Deanna contends the trial court erred in failing to find James in contempt for not paying Deanna her regular wages through August 31, 2012. We disagree.

**{¶25}** The agreed judgment entry and divorce decree provides that Deanna remain on the payroll at her current level of compensation (salary) and benefits (health insurance) until August 31, 2012. The trial court found Deanna was paid the full amount of her salary through August 31, 2012 as required by the decree. The trial court has the inherent power to interpret and enforce its own orders. *Hume v. Hume*, 5th Dist. Knox No. 13CA26, 2014-Ohio-1577. Such interpretations are within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶26}** Deanna argues she was only paid through August 29, 2012. Deanna first testified she is paid weekly for a total yearly salary of $150,000 and received $2,884.81 for the last week in August. However, Deanna maintained that she was entitled to $576.92 per day even though such figure would equate to her salary being $210,575.80 per year. Exhibit D shows that, in 2012, Deanna was paid $100,961.35 from Coshocton Trucking. As adduced through Deanna's testimony, under any calculation by month, week, or day, Deanna has been paid equal to or more than her full salary through August 31, 2012, as required by the divorce decree. Accordingly, based upon the evidence presented at the hearing, the trial court did not abuse its discretion in not

finding James in contempt because Deanna was paid equal to or more than what was required by the divorce decree. Deanna's second assignment of error is overruled.

III.

{¶27} Deanna argues the trial court erred by failing to enforce the provision that provided for the proper treatment of "Kno-Ho-Co" funds. We disagree.

{¶28} In the agreed judgment entry and divorce decree, the parties agreed that, with respect to the payment of expenses associated with several properties, the parties would sign a contract with property management company Cam Taylor that, "provides that the company shall handle the receipt of the Kno-Ho-Co payments and other monies from the parties as provided herein, and which further provides that the company shall then pay all expenses as noted above." According to the agreement, Cam Taylor was to invoice James and Deanna each 50% of any expenses in excess of the funds on initial deposit and, if one of the properties was sold and the remaining property's expenses totaled less than the Kno-Ho-Co rent payment, "the difference shall be paid to [appellant] on a monthly basis, which she shall retain free and clear of any claim of Plaintiff." The trial court found that since Cam Taylor could not be retained to manage the properties, the evidence at the hearing showed James utilized the "Kno-Ho-Co" funds to pay the expenses to the benefit of Deanna.

{¶29} We again note that the trial court has the inherent power to interpret and enforce its own orders. *Hume v. Hume,* 5th Dist. Knox No. 13CA26, 2014-Ohio-1577. Such interpretations are within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and

not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In this case, both James and Deanna testified that Cam Taylor property management company refused to work with the parties to carry out the agreed judgment entry. James testified there were no excess "Kno-Ho-Co" sums to send to Deanna because they were being used to cover the expenses for the properties. Accordingly, the trial court did not abuse its discretion in not finding James in contempt because the amount of expenses for the properties in the agreed judgment entry and divorce decree exceeded the amount from the "Kno-Ho-Co" funds. Deanna's third assignment of error is overruled.

IV.

**{¶30}** Deanna contends the trial court abused its discretion in failing to find James in contempt for failing to timely remove Deanna from the American Express account as required in the decree. We disagree.

**{¶31}** In the divorce degree, with regards to Coshocton Trucking, Inc., it provides that, "Plaintiff shall pay, indemnify and save Defendant harmless on all liabilities and expenses associated with the Companies. Plaintiff shall immediately begin using his best efforts to refinance indebtedness or take other such action so as to cause Defendant's name to be removed from same." The trial court found that James used his best efforts to refinance indebtedness or to remove Deanna's name from the indebtedness as required by the decree.

**{¶32}** As the trial court was in the best position to judge the credibility of the parties and to determine whether James violated a court order, we cannot find that the court abused its discretion in denying Deanna's motion. At trial, both James and

Deanna testified the American Express bill was being paid by James and no payment had ever been missed. Thus, Deanna has been held harmless from this debt. Further, James testified Deanna's name is still on the account, but that he attempted to refinance the debt in his name and was not able to complete the refinance because, after refinancing other debts to effectuate the divorce settlement, he did not have enough funds to refinance the debt. James testified the account has been cancelled but there is a balance on the card he pays each month. James stated he has done everything possible to get Deanna's name off all business debt of Coshocton Trucking. Accordingly, Deanna's fourth assignment of error is overruled.

Cross-Assignment of Error I

{¶33} Cross-appellant/appellee James argues the trial court abused its discretion by finding him in contempt for forcibly taking possession of a small fishing boat or a "Jon boat" during the personal property exchange. We agree.

{¶34} The agreed judgment entry and decree of divorce provides that James is entitled to retain those items specifically allocated to him as indicated by a checkmark in the column entitled "Claude." The trial court found James in contempt for forcibly taking possession of the fishing boat or "Jon boat" during the personal property exchange. The trial court also separately found James in contempt for being present at the personal property exchange in violation of the agreed judgment entry and decree of divorce. As noted above, our standard of reviewing a court's judgment in a contempt proceeding is the abuse of discretion standard. *Hout v. Hout*, 5th Dist. No. 2007-CA-111, 2008-Ohio-2684, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). An abuse of discretion implies the court's attitude is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶35} Exhibit B, attached to the agreed judgment entry and divorce decree, has a checkmark in *both* James and Deanna's column next to the item entitled "Jon boat." James testified it was his understanding the Jon boat was his. Deanna stated that James told her she could have the Jon boat, so she did not know how the box was checked beside both of their names for the boat. Deanna confirmed the boxes were checked under both her and James' names for the boat and there was confusion as to who was entitled to the Jon boat, but she assumed it was hers.

{¶36} We find the trial court erred in finding James in contempt for taking possession of the Jon boat. A party "cannot be found in contempt if the contempt charge is premised on a party's failure to obey an order of the court and the order is not clear, definite, and unambiguous and is subject to dual interpretations." *Contos v. Monroe County*, 7th Dist. Monroe No. 04 MO 3, 2004-Ohio-6380; *Chilcote v. Gleason Const. Co.*, 5th Dist. Ashland No. 01COA01397, 2002-Ohio-746. Here, the parties each had a checkmark by their name on Exhibit B with regards to the Jon boat and each testified they thought the Jon boat belonged to them due to the confusion with the dual checkmarks. Accordingly, we find there was no competent and credible evidence to support the trial court's decision that James was in contempt for taking the Jon boat because the agreed judgment entry and divorce decree is not clear, is ambiguous, and is subject to dual interpretations with regards to the Jon boat, as testified to by both parties. Having concluded that the trial court's decree was ambiguous as to the Jon boat, we find the trial court's finding of contempt based upon this ambiguous provision

was unreasonable. Cross-appellant/appellee's first cross-assignment of error is sustained.

Cross-Assignment of Error II

**{¶37}** Cross-appellant/appellee argues the trial court abused its discretion by ordering him to pay the sum of $5,869.63 in attorney fees for the removal of the Jon boat and ordering him to pay Deanna the sum of $959.00 for the Jon boat. We agree.

**{¶38}** Based upon our analysis in Cross-Assignment of Error I, we find the trial court erred in requiring James to pay $5,869.63 in attorney fees and in ordering James to pay appellant the sum of $959.00 for the Jon boat. Cross-appellant/appellee's second cross-assignment of error is sustained and the portion of the trial court's judgment entry requiring James to pay appellant $959.00 for the Jon boat and $5,869.63 in attorney fees in order to purge the contempt for taking the Jon boat is hereby reversed.

{¶39} Based upon the foregoing, the September 4, 2013 judgment entry of the Coshocton County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

By Gwin, J.,

Hoffman, P.J., and

Baldwin, J., concur