[Cite as *Saltz v. Saltz*, 2015-Ohio-4051.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| KENNETH SALTZ | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee/Cross-Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2015CA00014 |
| SANDRA SALTZ | : |  |
|  | : |  |
| Defendant-Appellant/Cross-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
                              Common Pleas, Domestic Relations
                              Division, Case No. 2013DR00753

JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       September 29, 2015


APPEARANCES:

For Plaintiff-Appellee/Cross-Appellant      For Defendant-Appellant/Cross-Appellee

STANLEY RUBIN                                DAVID AKE
437 Market Avenue North                      301 First Merit Building
Canton, OH  44702                            4481 Munson St. N.W.
                                             Canton, OH 44718

*Gwin, P.J.*

{¶1}    Appellant appeals the January 5, 2015 judgment entry of the Stark County Court of Common Pleas, Domestic Relations Division.

*Facts & Procedural History*

{¶2}    Appellant/cross-appellee Sandra Saltz ("Wife") and appellee/cross-appellant Kenneth Saltz ("Husband") were married in December of 1967.   The parties were granted a legal separation in March of 2011.  The judgment entry/decree of legal separation states as follows:

The Husband has a pension in payout status which was earned during the marriage with LTV Steel, now held with the PBGC in the amount of $357 per month.  It is further ORDERED that the Husband will issue a check to Wife in the amount of $178 each month as and for property division.

Husband currently receives Social Security Disability in the amount of $2,108 per month.  It is further ORDERED that Husband will issue a check to Wife in the amount of $1,054 each month as and for property division.

{¶3}    On June 27, 2013, Husband filed a complaint for divorce.  Wife filed an answer on August 29, 2013.  A magistrate's decision was issued on March 10, 2014, stating, in pertinent part:

As part of that Decree of Legal Separation * * * Husband's LTV pension through PBGC was divided in half and Husband's Social Security Disability monthly benefit was divided in half. * * *

The Court purported to retain jurisdiction over the PBGC pension (LTV), Husband's Social Security Disability and the spousal benefit of Husband's VA Disability benefit. That retention of jurisdiction was improper. The above items are clearly a property division and unlike spousal support where jurisdiction can be retained, property divisions are final upon the filing of a decree.

{¶4} The magistrate found that he had no jurisdiction to change the property division from the legal separation and that, even if he had jurisdiction to do so, he would not because the original division was equal and equitable. The magistrate granted a divorce. A decree of divorce was issued on April 28, 2014.

{¶5} On September 9, 2014, Wife filed a motion to show cause. Wife indicated in an affidavit that Husband stopped making payments to her as required by the separation agreement. The trial court held a hearing on the motion on December 22, 2014.

{¶6} Husband testified that, after making his July payment to Wife, he contacted Social Security and discovered that, when he reached regular retirement age, his social security disability payments were converted to regular social security payments. Husband did not ask the trial court if he could terminate payments to Wife, but, in August, he stopped paying Wife both half of the social security disability payment ($1,054) and half of the PBGC pension ($178) because he believed that he had been overpaying Wife since the conversion to social security. Husband testified that he notified Wife via a letter why he was stopping the payments. Wife testified that she will

receive one-half of Husband's social security due to the length of the marriage. Further, that she last received payment from Husband in July of 2014.

{¶7} The trial court issued a judgment entry on January 5, 2015. The trial court found that the property division of $1,054 was from the specific source of social security disability which has terminated; thus Husband is not in contempt for failing to pay Wife $1,054 per month. However, the trial court found Husband to be in contempt for failing to pay the $178 because he was not entitled to unilaterally terminate his payments of that amount to offset what he believed was an overpayment and should have sought a court order to do so. The trial court found that since Husband was not timely in determining his social security disability had converted to regular social security, he sat on any rights he had to stop payments to Wife and forfeited his right to recoup any payments made to Wife after the conversion to regular social security. The trial court sentenced Husband to thirty days (30) in the Stark County Jail on the contempt, but suspended the sentence on the condition that he pay Wife within sixty (60) days the amount due, attorney fees, and continue to pay the $178 per month as previously ordered.

{¶8} Wife appeals the January 5, 2015 judgment entry of the Stark County Common Pleas Court, Domestic Relations Division, and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN MODIFYING THE DIVISION OF PROPERTY CONTAINED IN THE COURT'S JUDGMENT ENTRY OF LEGAL SEPARATION."

{¶10} Husband also appeals the January 5, 2015 judgment entry and assigns the following as error:

{¶11} "I. THE TRIAL COURT ERRED IN HOLDING KENNETH IN CONTEMPT FOR DISCONTINUING PAYMENT FOR HALF OF HIS MONTHLY PENSION BENEFITS."

*Civil Contempt*

{¶12} The standard of proof in a civil contempt proceeding is by clear and convincing evidence. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 416 N.E.2d 610 (1980). The determination of "clear and convincing evidence" is within the discretion of the trier of fact. *Id.* We will not disturb the trial court's decision as against the manifest weight of the evidence if the decision is supported by some competent, credible evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶13} In addition, our standard of reviewing a court's judgment in a contempt proceeding is the abuse of discretion standard. *Hout v. Hout*, 5th Dist. No. 2007-CA-111, 2008-Ohio-2684, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 573 N.E.2d 62 (1991). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} Further, the Ohio Supreme Court explained that, "[A] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984). The underlying rationale for this deference to the trial

court is that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* We are not fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Peterson v. Peterson*, Muskingum App. No. CT2003-0049, 2004-Ohio-4714.

I.

{¶15} In Wife's assignment of error, she argues that the trial court erred because it improperly modified its distribution of property and the $1,054 per month was a property division that cannot be modified by the trial court. We disagree.

{¶16} Wife is correct that once a court has made an equitable property division, the trial court does not have jurisdiction to modify its decision. R.C. 3105.171(I). However, the trial court retains the power to enforce its orders and effectuate its judgments. *Oberst v. Oberst*, 5th Dist. Fairfield No. 09-CA054, 2010-Ohio-452; *Collins v. Collins*, 139 Ohio App.3d 900, 746 N.E.2d 201 (2nd Dist. Montgomery 2000).

{¶17} Here, the trial court reviewed the terms of the separation agreement and determined that the property division of $1,054 was from a specific source that has been terminated and from which Husband no longer receives a monthly benefit; accordingly, Husband was not guilty of contempt with respect to that portion of the monthly payment to Wife. Thus, the trial court did not modify the division of property under the original separation agreement in violation of R.C. 3105.171(I), but acted to give effect and enforce the unambiguous terms of the separation agreement in denying

Wife's contempt motion. *Collins v. Collins*, 139 Ohio App.3d 900, 746 N.E.2d 201 (2nd Dist. Montgomery 2000); *Barron v. Barron*, 6th Dist. Ottawaa No. OT-08-055, 2010-Ohio-2118.

**{¶18}** Wife's assignment of error is overruled.

Cross-Assignment of Error I

**{¶19}** Husband argues the trial court erred in holding him in contempt for discontinuing payment for half of his monthly pension benefits ($178 per month). While Husband testified that he stopped making the $178 payment to equalize the disability payments he was not required to make, the trial court found that he "took these actions unilaterally and without the benefit of a court order" and could not do so to equalize the amounts.

**{¶20}** In this case, it is clear from the separation agreement that the PBGC pension ($178) and social security disability payments ($1,054) were separate payments coming from two different sources. Husband did not provide any evidence or testimony that Wife can go back and retroactively apply for social security to replace the lost funds that Husband seeks to recoup from her. While Husband may have been entitled to stop payment of $1,054 amount since the source of the benefits no longer existed, we find the trial court did not abuse its discretion in determining that he could not engage in "self-help" by stopping payment of another, separate monthly payment. See *Evans v. Cole*, 4th Dist. Jackson No. 00CA17, 2001-Ohio-2486.

**{¶21}** Husband's assignment of error is overruled.

{¶22} Based upon the foregoing, we overrule Wife's assignment of error, overrule Husband's assignment of error, and affirm the January 5, 2015 judgment entry of the Stark County Common Pleas Court, Domestic Relations Division.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur