[Cite as *Mohr v. Mohr*, 2017-Ohio-1044.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANITA C. MOHR | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 16AP0007 |
| | : | |
| DAVID W. MOHR, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Morgan County Court
                                    of Common Pleas, Domestic Relations
                                    Division, Case No. 13 CV 0114



JUDGMENT:                           AFFIRMED



DATE OF JUDGMENT ENTRY:             March 20, 2017



APPEARANCES:

For Plaintiff-Appellant:                    For Defendant-Appellee:

ADAM J. BAKER                               MILES D. FRIES
Eight North Court Street, Suite 212         320 Main Street
Athens, OH 45701-2450                       P.O. Box 190
                                            Zanesville, OH 43702-0190

*Delaney, P.J.*

{¶1}   Plaintiff-Appellant Anita C. Mohr appeals the June 14, 2016 judgment entry of the Morgan County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant Anita C. Mohr ("Wife") and Defendant-Appellee David W. Mohr, Jr. ("Husband") were married on July 13, 1990. Wife filed a complaint for divorce on March 19, 2013. The trial court held a final divorce hearing on May 19, 2014, but did not journalize the Divorce Decree because Wife filed a grievance against the judge. The judge recused himself and the matter was reassigned. A second final divorce hearing was held on April 10, 2015. The Divorce Decree was issued on April 17, 2015.

{¶3}   The April 17, 2015 Divorce Decree found the marital residence was marital property. The trial court ordered the marital residence be sold at auction. During trial, Wife introduced Exhibit 15, a three-page appraisal list of tangible personal property at the residence. The Divorce Decree addressed the parties' tangible personal property and ordered that it also be auctioned with the marital residence. The Divorce Decree stated:

> The auction will not include the parties' clothing and personal effects. In addition, the Court finds that some of the tangible personal property items are separate property of the Defendant. The Court finds that the Plaintiff's separate property includes the following items which are awarded to her as her separate property and are not to be included in the auction. Those items are found on Plaintiff's Exhibit "15", a copy of which is attached hereto and incorporated by reference: Number 4, 8, 10, 11, 17 – one (1) tractor, 22, 25, and 47. The Court also finds that the following items found on Plaintiff's

Exhibit "15" are the Defendant's separate property: 13, 17 – one (1) tractor, 40, 55 and on Page 3 of Exhibit "15", items 1, 15, 22, 23, including the rocking chair, Ohio State birdhouse, and wooden mushroom.

{¶4} Wife had exclusive occupancy of the marital residence during the divorce proceeding. Husband met with the auctioneer at the marital residence on August 23, 2015 to determine whether there was enough personal property to conduct an auction. Wife moved out of the marital residence on September 5, 2015. Husband met the auctioneer at the marital residence after Wife moved out. While he was at the marital residence, Husband observed multiple items of marital property missing from the residence. The auctioneer determined there was not enough property to conduct an auction.

{¶5} Husband filed a motion for contempt on September 11, 2015. Husband argued Wife removed marital property that was to be sold at auction. Her removal of the property, which caused the auction to be cancelled, was in direct contravention of the Divorce Decree. He further argued Wife damaged the marital residence, diminishing its value.

{¶6} Wife filed a motion for contempt on September 24, 2015.

{¶7} The trial court held a hearing on both motions for contempt on May 26, 2016 and June 14, 2016. At the hearing, Husband introduced Exhibit B, which he testified was a list of twenty-nine property items removed from the marital residence. Wife testified she used Exhibit 15 as her guide when she removed her belongings from the marital residence on September 5, 2015. Wife admitted she removed the items listed in Exhibit B; however, the items she removed from the marital residence listed on Husband's Exhibit B were not listed in the Divorce Decree as Husband's separate property.

{¶8} At the conclusion of the hearing, the trial court stated, "I think I was very specific in finding certain items of property that belong to [Wife], and certain items that belong to [Husband]. Okay? Then there was the rest of the personal property. Okay? And it was to be sold the same day that the real estate was sold. Okay? Now, certain of those items have been removed by [Wife]." (Tr. 95).

{¶9} By judgment entry filed on June 14, 2016, the trial court found Wife in contempt for her violation of the terms of the Divorce Decree. The trial court ordered that all items listed in Exhibit B were to be returned by Wife to the marital residence within 30 days, at which time the real estate and personal property were to be sold. The trial court did not impose sanctions on June 14, 2015. The trial court further stayed Wife's motion for contempt pending the auction of the real and personal property.

{¶10} It is from this judgment Wife now appeals.

**ASSIGNMENT OF ERROR**

{¶11} Wife raises one Assignment of Error:

{¶12} "THE TRIAL COURT'S FINDING OF CONTEMPT AND ORDER TO AUCTION PERSONAL PROPERTY IS REVERSIBLE ERROR, UNREASONABLE AND ARBITRARY, AND CONTRARY TO THE FACTS AND WEIGHT OF EVIDENCE SINCE THE FINAL DIVORCE DECREE NEVER SPECIFIED TWENTY-FOUR (24) OF THE TWENTY-NINE (29) ITEMS LISTED IN DEFENDANT'S CONTEMPT EXHIBIT (WHICH BECAME THE EXHIBIT USED IN THE TRIAL COURT'S JUNE 14, 2016 JUDGMENT ENTRY); OF THE 4 ITEMS THAT COINCIDED BETWEEN THE FINAL DIVORCE DECREE AND DEFENDANT'S CONTEMPT EXHIBIT THREE (3) REMAIN AT THE MARITAL RESIDENCE AND ONE (1) BELONGED TO THE FATHER OF

PLAINTIFF/APPELLANT ACCORDING TO TESTIMONY HEARD AT THE CONTEMPT HEARING."

**ANALYSIS**

{¶13} Wife argues the trial court abused its discretion when it found her in contempt for removing property from the marital residence. We disagree.

{¶14} A trial court's decision regarding contempt will not be reversed absent an abuse of discretion. *Gunawardena v. Gunawardena*, 5th Dist. Delaware No. 14 CAF 06 0035, 2015-Ohio-2566, ¶ 31 citing *Beltz v. Beltz*, 5th Dist. Stark Nos. 2005CA00193, 2005CA00194, 2006-Ohio-1144. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *McKinney v. McKinney*, 5th Dist. Stark No. 2014CA00118, 2015-Ohio-1114, ¶¶ 11-12 quoting *Beach v. Beach*, 99 Ohio App. 428, 431, 130 N.E.2d 164 (1955). "It is irrelevant that the transgressing party does not intend to violate the court order." *Pedone v. Pedone*, 11 Ohio App.3d 164, 165, 463 N.E.2d 656 (8th Dist.1983). "If the dictates of the judicial decree are not followed, a contempt citation will result." *Id.*

{¶16} Wife states the Divorce Decree and the attached Exhibit 15 identified the separate property of Husband and Wife. Wife contends she properly followed the Divorce Decree and did not remove any item from the marital residence listed in Exhibit 15 as being Husband's separate property. Based on the vague wording of the Divorce Decree,

Wife argues she was not adequately apprised she was forbidden from removing property not listed in Exhibit 15 or the Divorce Decree from the marital residence. A party "cannot be found in contempt if the contempt charge is premised on a party's failure to obey an order of the court and the order is not clear, definite, and unambiguous and is subject to dual interpretations." *Woodie v. Patterson*, 5th Dist. No. 2013CA0022, 2014-Ohio-3017, ¶ 36 quoting *Contos v. Monroe County*, 7th Dist. Monroe No. 04 MO 3, 2004-Ohio-6380; *Chilcote v. Gleason Const. Co.*, 5th Dist. Ashland No. 01COA01397, 2002-Ohio-746.

{¶17} Husband contends the Divorce Decree awarded the parties' their separate property. Items not listed in the Divorce Decree as separate property were marital property to be auctioned. The twenty-nine items listed in Exhibit B were marital property.

{¶18} The Divorce Decree stated the parties' tangible personal property was to be auctioned off within sixty days of the date of the Divorce Decree. During the final divorce hearing, Wife introduced Exhibit 15, a three-page list of tangible personal property in the marital residence. The trial court found some of the tangible personal property items listed in Exhibit 15 were separate property of Husband or Wife. In the Divorce Decree, the trial court listed eight items in Exhibit 15 as Wife's separate property and eight items from Exhibit 15 as Husband's separate property. The trial court also listed three items (rocking chair, Ohio State birdhouse, and wooden mushroom) not found in Exhibit 15 as Husband's separate property. The Divorce Decree stated the specified items of separate property were not to be included in the auction.

{¶19} The evidence at the contempt hearing demonstrated the property items listed in Husband's Exhibit B were not listed in the Divorce Decree as Husband or Wife's separate property; therefore, the Exhibit B items were marital property to be sold at

auction. Exhibit 15 listed three pages of tangible personal property and only sixteen items on Exhibit 15 were determined to be separate property. We do not find Exhibit 15 to be a complete list of the parties' tangible personal property. The trial court remarked that one of the items listed in Exhibit B, an Airstream motor home, was not listed in Exhibit 15 by Wife or discussed at the final divorce hearing, but neither party disputed owning the Airstream motor home. (Tr. 96).

{¶20} We find the trial court did not abuse its discretion when it determined Wife was in contempt for her failure to follow the terms of the Divorce Decree as to the designation of separate and marital property. The items not listed in the Divorce Decree as separate property were marital property and should have remained at the marital residence to be sold at auction.

{¶21} Wife's sole Assignment of Error is overruled.

**CONCLUSION**

{¶22} The judgment of the Morgan County Court of Common Pleas, Domestic Relations Division, is affirmed.

By:  Delaney, P.J.,

Wise, John, J. and

Baldwin, J., concur.